WALT ROBBINS, INCORPORATED, ET AL.

V.

DAMON CORPORATION, ET AL.

Record No. 830658

September 5, 1986

Present: All the Justices

*H. Bradley Evans, Jr.; David G. Riske (John P. Corrado; Thomas & Fiske, P.C., on briefs), for appellants.*

*Craig B. Dunbar; John R. Prosser (Gregory J. Miner; Nikolas E. Parthemos; Rhodes, Dunbar & Lomax, Chartered, P.C.; Hall, Monahan, Engle, Mahan & Mitchell, on briefs), for appellees.*

POFF, J., delivered the opinion of the Court.

Springbelt Associates Limited Partnership (Springbelt), the owner of a tract of unimproved land in Springfield, planned to construct a Government Printing Office Warehouse. Springbelt executed a deed of trust conveying the land to Jeffrey Wagner and Frank Thompson, trustees, securing payment of a loan from Madison National Bank in the sum of $4,500,000. Walt Robbins, Incorporated (Robbins), employed as general contractor, entered into a subcontract with Damon Corporation (Damon) for the erection of structural steel and certain other work. Damon engaged Lynn Fabricators, Inc. (Lynn), to supply the steel.

The progress of construction was delayed by inclement weather, poor site access, change orders, and other factors, and a dispute over payments arose. Charging that Robbins was in default under the terms of the subcontract, Damon abandoned the project on February 8, 1980. At that point, Damon had furnished approximately 97% of the labor and materials required by the subcontract.

Damon and Lynn (which had received no payment for the steel furnished Damon) filed memoranda of mechanics' liens against Springbelt's property and, later, bills of complaint to enforce the liens. Lynn's bill named Springbelt, Robbins, and Damon as de-

fendants, sought a personal judgment for materials supplied, and asked the court to enforce its lien by a sale of the property. Damon's bill named Springbelt and Robbins as defendants, alleged that it was entitled to $99,526.02 for labor and materials furnished, prayed for enforcement of its lien, and demanded a personal judgment against the defendants. Springbelt and Robbins filed a cross-bill against Damon, seeking $100,000 in damages on account of additional expenses allegedly incurred by reason of Damon's failure to complete the project.

In February 1981, the chancellor referred Damon's suit to a commissioner in chancery. The decree directed the commissioner to determine whether Damon's lien was valid; whether Damon had perfected its lien in accordance with statutory provisions, and if so, the amount of the lien as perfected; whether Damon was entitled to a personal judgment against Robbins if the lien was not properly perfected; whether Springbelt and Robbins had a valid claim against Damon; and whether the property subject to the lien should be sold to satisfy the lien. In a later order, the chancellor consolidated the two suits for consideration by the commissioner.

In his report, the commissioner concluded that, although Damon's and Lynn's claims were valid, neither had perfected its lien in accordance with the mechanic's liens statutes, Code § 43-1, *et seq.*, and, thus, that the liens were unenforceable. The commissioner premised his conclusion on the fact that neither Damon nor Lynn had named the trustees or the beneficiary of the antecedent deed of trust as parties to their suits. Additionally, the commissioner found that Damon's bill was unenforceable because it did not include a verified, itemized statement of account as required by Code § 43-22.

Next, the commissioner concluded that Damon should recover no damages from Springbelt, but should recover the full amount of its claim from Robbins. Damon's claim included $56,306.56 alleged to be due under the terms of its contract and $43,220.46 for delay damages and the cost of "extras". The commissioner found that Lynn was entitled to a personal judgment against Damon in the amount of $34,545.92. Finally, the commissioner recommended that the cross-bill filed by Springbelt and Robbins be dismissed.

All parties filed exceptions to the commissioner's report. The chancellor adopted some of the commissioner's findings and rejected others. In a final decree entered January 28, 1983, the

chancellor ruled that the two mechanics' liens were enforceable; that Damon was not entitled to recover a personal judgment against Springbelt or Robbins; that Lynn was entitled to a personal judgment against Damon but not against Springbelt or Robbins; that Springbelt's and Robbins' cross-bill against Damon be dismissed; and that Springbelt's property be sold to satisfy the mechanics' liens.

Appellants Springbelt and Robbins have assigned several errors and Damon has assigned cross-error.[1] However, the parties have joined issue on two of the chancellor's rulings which we consider dispositive of this appeal. The questions presented are: (1) whether the mechanics' liens are unenforceable because Damon and Lynn failed to make the trustees and the beneficiary of the antecedent deed of trust parties to their suits to enforce; and (2) whether Damon is entitled to a personal judgment against Robbins.

Springbelt and Robbins contend that the chancellor erred in rejecting the commissioner's conclusion that the trustees and the beneficiary of the antecedent deed of trust on the land were necessary parties to the suits to enforce the mechanics' liens. Damon and Lynn argue that, although both are proper parties, neither is a necessary party.[2]

■ It is true, as Damon and Lynn say, that Code § 43-22, which authorizes enforcement of a mechanic's lien by a suit in equity, does not expressly require that the trustee and beneficiary

---

[1] Not challenged on appeal are the chancellor's rulings awarding Lynn a personal judgment against Damon, denying Lynn's claim for a personal judgment against Springbelt or Robbins, denying Damon's claim for a personal judgment against Springbelt, and dismissing Springbelt's and Robbins' cross-bill.

[2] An ancillary issue, never preserved by the appellees in the court below, questions the appellants' standing to assert the rights of the trustees and the beneficiary. We need not decide whether a named defendant has standing to object to a plaintiff's non-joinder of a necessary party-defendant, for a standing question cannot be raised for the first time on appeal. *Baker* v. *Baker*, 91 Wash.2d 482, 588 P.2d 1164 (1979) (a plaintiff cannot question a defendant's standing to assert a non-party's defense for the first time on appeal). The rule governing appellate challenges to *standing* is related to the rule applied to appellate challenges to a plaintiff's *capacity* to sue. *See Andrews, Executrix* v. *Cahoon*, 196 Va. 790, 805, 86 S.E.2d 173, 181 (1955) (executrix's capacity to maintain suit would not be considered for the first time on appeal); *Crawley* v. *Glaze*, 117 Va. 274, 277-78, 84 S.E. 671, 672-73 (1915) (plaintiff's capacity to maintain suit " 'in her own proper person' " cannot be considered for the first time on appeal).

under an antecedent deed of trust be made parties to that suit.[3] But, in our view, the issue is controlled by principles of due process of law.

██ "It is fundamental, of course, that no person may be deprived of his property without due process of law. 'One of the essentials of due process is notice. This is especially true in proceedings of a judicial nature affecting the property rights of citizens.' " *Finkel Products* v. *Bell*, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965) (citation omitted). The lien of a deed of trust recorded before land is improved is a first lien on the land and a lien on the improvements subordinate to a mechanic's lien; the mechanic's lien is a first lien on the improvements and a subordinate lien on so much of the land as is necessary for the use and enjoyment of the improvements. *Federal Land Bank* v. *Clinchfield Co.*, 171 Va. 118, 123, 198 S.E. 437, 439 (1938) (construing statutory ancestors of Code §§ 43-3, -21). Because the proceeds of a judicial sale under a decree enforcing a mechanic's lien may prove to be insufficient to pay both lien creditors in full, the beneficiary of an antecedent deed of trust has a property right which entitles him to notice and an opportunity to challenge the perfection of the mechanic's lien or to invoke the forfeiture provisions of Code § 43-23.1.

Here, sale has been ordered and the beneficiary has been denied such an opportunity. Guided by principles of due process, we hold that the beneficiary of the antecedent deed of trust was a necessary party to the suits to enforce the mechanics' liens.[4]

We now consider whether the trustees, who hold bare legal title to the land to be sold, were necessary parties. Damon and Lynn insist that our decision in *Loyola Fed. Savings* v. *Herndon*, 218 Va. 803, 241 S.E.2d 752 (1978) controls that question. There, we construed Code § 43-4 which provides that, in order to perfect a mechanic's lien, the claimant must file a memorandum "showing the names of the owner of the property sought to be charged". We

---

[3] It is also true that we have held that the beneficiary of a subsequent deed of trust is not a necessary party to a suit to enforce a mechanic's lien. *Monk* v. *Exposition Corp.*, 111 Va. 121, 122, 68 S.E. 280 (1910).

[4] Other courts have held that a beneficiary of an antecedent trust is not a necessary party to a suit to enforce a mechanic's lien but, if not joined in that suit, the beneficiary is not bound by the judgment. *See e.g., Vesuvius Lumber Co.* v. *Alabama Fidelity Mortgage & B. Co.*, 203 Ala. 93, 94-95, 82 So. 107, 108-09 (1919); *Deming-Colborn, etc., Co. et al.* v. *Union Nat'l., etc., Ass'n.*, 151 Ind. 463, 467, 51 N.E. 936, 938 (1898).

held that a trustee under a deed of trust is not an "owner" within the meaning of that statute, and, hence, that the failure of the claimant in that case to name the trustee in the *memorandum* he filed did not render the lien fatally defective. *Id.* at 805-06, 241 S.E.2d at 753-54.

But the object of the memorandum is to register the claimant's lien and to put potential purchasers of the property on notice of the existence of the lien. The filing of the memorandum is not a proceeding at which parties with adverse interests may challenge the validity of the lien. Indeed, it is not a "proceeding" at all. A suit to enforce that lien is, however, such a proceeding, and our decision in *Loyola* is inapposite here.

We have held that chancery suits to enforce a mechanic's lien "are to be conducted as other suits in equity to subject property to payment of liens", *Monk* v. *Exposition Corp.*, 111 Va. 121, 123, 68 S.E. 280, 281 (1910), and that a trustee under an antecedent deed of trust is a necessary party to a lien creditor's suit. *Jennings* v. *City of Norfolk*, 198 Va. 277, 287, 93 S.E.2d 302, 309 (1956).

We are of opinion that a trustee in an antecedent deed of trust recorded on unimproved land is a necessary party in a suit to enforce a mechanic's lien on the improvements. Where, as here, a mechanic's lien is to be enforced by judicial sale, title is conveyed to the successful bidder by a special commissioner appointed for that purpose. If legal title is vested in the trustee of an antecedent deed of trust, and the property is to be sold free of the trust lien, the chancellor must have jurisdiction over the person of the trustee before he can enter a decree divesting him of title. *Lunsford and Withrow & Co.* v. *Wren*, 64 W.Va. 458, 465, 63 S.E. 308, 311 (1908) (non-joinder of trustee renders bill to enforce mechanic's lien "fatally defective").

We hold, therefore, that Damon's and Lynn's mechanics' liens were not enforceable because the trustees and the beneficiary of the deed of trust were not made parties to the suits to enforce.

Finally, we consider the question, raised by assignment of cross-error, whether the chancellor erred in ruling that Damon was not entitled to recover a personal judgment against Robbins.

Damon's bill of complaint sought a personal judgment against both Springbelt and Robbins. The defendants demurred to the bill, asserting that it "fails to state sufficient facts upon which the relief demanded can be granted". The chancellor entered an order finding that Damon "has failed to state facts upon which an *in*

*personam* judgment can be granted" and holding that the demurrer "is sustained with respect to the prayer for in personam judgment against the Defendants, and that the Plaintiff's [sic] is hereby granted twenty-one days from the date hereof in which to amend its Bill of Complaint, if it be so advised." Counsel for Damon signed this order "SEEN AND AGREED TO".

It is clear from the record, and the parties agree, that the chancellor rejected Damon's claim for a personal judgment against Robbins because the demurrer had been sustained and Damon had failed to amend its bill of complaint. Damon argues that this was error because the decree of reference, entered after the demurrer was sustained, instructed the commissioner to consider whether Damon was entitled to a personal judgment. Damon reasons that, although the chancellor had given it leave to amend its bill of complaint, "the Decree of Reference *superceded* this necessity". We disagree.

In *Gimbert* v. *N.S.R.R. Co.*, 152 Va. 684, 148 S.E. 680 (1929), the trial court sustained a defendant's demurrer to the plaintiff's declaration, but granted the plaintiff 30 days in which to file an amended declaration. The plaintiff failed to do so and, instead, filed a new suit on the same cause of action. The trial court ruled that the judgment sustaining the demurrer was a final adjudication on the merits and sustained the defendant's plea of *res judicata*.

Here, the order sustaining the demurrer, unlike the final order in *Gimbert*, was an interlocutory decree, but it was an express adjudication against Damon's prayer for a personal judgment. That decree was entered by agreement, and Damon offered no motion to vacate it, elected to waive its benefits, and, on appeal, has failed to challenge its verity by assignment of cross-error. Under such circumstances, the decree became and remains the law of the case.

We will reverse the chancellor's rulings that the mechanics' liens were enforceable and that Springbelt's property be sold in satisfaction thereof, affirm the ruling denying Damon a personal judgment against Robbins, and enter final judgment here.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*