# JAMES T. BUSH CONSTRUCTION COMPANY, INC.

## V.

## AMRATLAH R. PATEL, ET AL.

Record No. 910052

January 10, 1992

Present: All the Justices

*Frank F. Rennie, IV (Thomas L. Northam; Cowan & Owen,* on briefs), for appellant.

*Milton Paul Miller* for appellees Amratlah R. Patel and Manuben A. Patel.

*William H. Hoofnagle, III (Christopher S. Dillon; Florance, Gordon and Brown,* on brief), for appellee Dvorak Geotechnical Services, Inc.

JUSTICE LACY delivered the opinion of the Court.

In this appeal, we consider whether the trial court properly dismissed a suit to enforce a mechanic's lien for failure to name the beneficiary of an inferior deed of trust as a defendant within six months of filing the memorandum of lien.

In January 1985, James T. Bush Construction Company, Inc. (Bush) entered into a subcontract with McAllister Associates, Inc., to perform demolition, excavation, and site work on land owned by Amratlah R. Patel and Manuben A. Patel. Bush completed the work and filed its memorandum of mechanic's lien on May 28, 1985. On September 11, 1985, a deed of trust was recorded on the Patel property. On November 4, 1985, Bush filed a bill of complaint to enforce its mechanic's lien naming the Patels,

McAllister Associates, and the trustees under the deed of trust as defendants. Dominion Bank (Dominion), the deed of trust beneficiary, was not named as a defendant.

On December 11, 1987, the trial court granted Bush's motion to file an amended complaint, adding Dominion as a defendant. On October 11, 1990, the trial court reversed that order and granted defendants' motion to dismiss, holding that Bush's suit to enforce its mechanic's lien was untimely because Dominion, a necessary party, was not joined as a defendant prior to the six-month limitation period for enforcement of a mechanic's lien established in Code § 43-17.

■ The trial court's reversal of its previous position was based upon this Court's opinion in *Mendenhall* v. *Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990). That case involved mechanics' liens recorded against property which was developed as condominiums. The original bills of complaint in the suits to enforce the mechanics' liens named the developer as the sole defendant. Approximately one year after the filing of the memoranda of liens, the trial court allowed amendment of the bills of complaint to add two condominium owners, Mendenhall and Becker, the trustee, and the beneficiary of a deed of trust recorded on the property prior to its development. We reversed the judgment of the trial court and held that the owners of the property, the trustee, and the beneficiary of the deed of trust were necessary parties. The failure to name them as defendants in the suit to enforce the liens within the six-month statutory limitation was fatal to the liens' enforcement. *Id.* at 76, 387 S.E.2d at 471.

■ In determining whether the added defendants were necessary parties, we examined the nature of the interests they held in light of the principles applicable to necessary parties. Mendenhall and Becker, owners of the property, clearly had an interest in the property which could "be defeated or diminished" by enforcement of the mechanics' liens, and, therefore, they had "an immediate interest in resisting the demand, and all parties who have such immediate interests are necessary parties to the suit." *Id.* at 75, 387 S.E.2d at 470 (quoting *Raney* v. *Four Thirty Seven Land Co.*, 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (citation omitted)).

■ With regard to the trustee and the beneficiary of the deed of trust, we relied on our analysis in *Walt Robbins, Inc.* v. *Damon*

*Corporation*, 232 Va. 43, 348 S.E.2d 223 (1986). In that case, we noted that

> [b]ecause the proceeds of a judicial sale under a decree enforcing a mechanic's lien may prove to be insufficient to pay both lien creditors in full, the beneficiary of an antecedent deed of trust has a property right which entitles him to notice and an opportunity to challenge the perfection of the mechanic's lien or to invoke the forfeiture provisions of Code § 43-23.1.

*Id.* at 47, 348 S.E.2d at 226. Based on principles of due process, we held that because the beneficiary of the deed of trust was entitled to an opportunity to exercise that property right before sale was ordered, the beneficiary was a necessary party to the mechanic's lien enforcement suit. *Id.* The trustee, vested with legal title to the property, was also a necessary party because enforcement of the mechanic's lien through judicial sale, as sought by the mechanic's lienor, could not result in the issuance of a title free and clear of the lien unless the trustee was a party to the proceeding. *Id.* at 48, 348 S.E.2d at 227; *see Jennings* v. *City of Norfolk*, 198 Va. 277, 287, 93 S.E.2d 302, 309 (1956).

The interests of the trustee and the beneficiary of the deed of trust in *Mendenhall* were the same as those in *Walt Robbins*, and thus, all were necessary parties to the enforcement suits.

Bush asserts that neither *Mendenhall* nor *Walt Robbins* is dispositive in this case because they dealt with liens which were antecedent in time and superior in priority to the mechanic's lien. Bush argues that Dominion, the deed of trust beneficiary, is not a necessary party here because the deed of trust was inferior to the mechanic's lien, and therefore, Dominion's interest would not be "defeated or diminished" by enforcing Bush's mechanic's lien. Bush contends that *Monk* v. *Exposition Corp.*, 111 Va. 121, 68 S.E. 280 (1910), held that a subsequent lienor is a proper but not a necessary party, and urges us to reaffirm that holding here.

Bush's reliance on the antecedent/subsequent or superior/inferior status of the pertinent interest as dispositive of the necessary party determination is misplaced. *Walt Robbins* established that this determination must be based on an analysis of the nature of the particular interest involved and the rights appurtenant to

that interest in light of the relief sought.[1] Whether an interest or encumbrance is antecedent or subsequent, superior or inferior to a mechanic's lien may be pertinent to the analysis, but it is not dispositive. We specifically reject any construction of *Monk* that would lead to the conclusion that the holder of an interest arising subsequent to a mechanic's lien is, *by definition*, a proper but not a necessary party, and that an analysis regarding the nature and rights of such interest is unnecessary in making that determination.

In this case, Bush seeks to compel the sale of the subject property to satisfy the mechanic's lien. Dominion's status as beneficiary of a deed of trust was a matter of record prior to Bush's filing the original bill of complaint. Indeed, Bush named the deed of trust trustees as defendants. We observed in *Walt Robbins* that because the proceeds from a judicial sale of property may be insufficient to satisfy both a mechanic's lien and a deed of trust lien, the beneficiary of a superior deed of trust had a substantial interest in being given the opportunity to challenge the validity of the mechanic's lien, or otherwise to litigate the elements of the lien. 232 Va. at 47, 348 S.E.2d at 226. This observation is even more pertinent here, as Dominion's lien is inferior to Bush's lien, and may well be "defeated or diminished" if the mechanic's lien is enforced. Dominion, then, is a necessary party in Bush's suit to enforce its mechanic's lien and was required to be named as a defendant within the statutory time period. Failure to do so defeats Bush's suit to enforce its mechanic's lien.[2]

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

---

[1] Due process rights and the relevance of such rights to property subject to a mechanic's lien were discussed in *Finkel Products* v. *Bell*, 205 Va. 927, 140 S.E.2d 695 (1965).

[2] We note that the General Assembly amended § 8.01-6 during the course of this litigation. As neither party nor the trial court addressed that section, we express no opinion on it.