## CIRCUIT COURT OF LOUDOUN COUNTY

Tarmac Acquisition, Inc., t/a Amax

v.

Gold Line Concrete Construction, Inc.,
t/a Gold Line Concrete Corporation, et al.

February 14, 1992

Case No. (Chancery) 13297

BY JUDGE THOMAS D. HORNE

This cause came to be heard upon the Demurrer of Defendant, Mercure Dulles, Inc., to the Bill of Complaint to enforce the mechanic's lien of a sub-subcontractor, § 43–9, Code of Virginia, as amended. Defendant asserts that the general contractor is a necessary party to this action and that the failure to join the general contractor within the period of limitations set forth in § 43–17, Code of Virginia, is fatal to the instant claim.

The Court agrees with the Defendant that the general contractor is a necessary party to these proceedings. Pursuant to the provisions of § 43–9, the amount for which a lien may be perfected by a person furnishing materials for a subcontractor may not exceed the amount for which the subcontractor can claim a lien pursuant to § 43–7. Thus, the materialman may not claim a lien unless the general contractor is indebted to the subcontractor. *John T. Williams Co. v. McManus*, 162 Va. 130 (1934). In determining whether the general contractor is a necessary party to these proceedings, it is imperative that a determination be made as to whether the general contractor had an "immediate interest" which could "be defeated or diminished" by the sub-subcontractor's claim. *See, Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986); *Mendenhall v. Cooper*, 239 Va. 71 (1990); *James T. Bush Const. Co., Inc. v. Patel*, 243 Va. 84 (1992). The general contractor has such an interest in this case.

As noted earlier, the lien of the complainant sub-subcontractor is contingent upon the liability of the contractor to the subcontractor. This will necessitate an accounting as to such obligation prior to the enforcement of the lien. That is:

> the inquiry necessarily involves the contract relations and state of accounts existing between the contractor and the one seeking to enforce the lien, and that without the establishment of the debt, there can be no right of recovery, which renders the claimant's right to a lien dependent on the establishment of his claim or debt against the contractor, for which purpose the contractor is a necessary or indispensable party. 53 Am. Jur. 2d, *Mechanics' Liens*, § 369. *See, Anno.*, 100 A.L.R. 128.

Thus, while the Court will sustain the demurrer, it will not dismiss the Bill at this time. *See, Bush, supra*; § 8.01–6, Code of Virginia, as amended. Complainant will be given twenty-one days to replead should it be so advised.