## CIRCUIT COURT OF LOUDOUN COUNTY

Builders Floor Service, Inc.

v.

Westchester Homes
of Virginia, Inc., et al.

February 26, 1992

Case No. (Chancery) 13724

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Petition of the defendants, Wim M. H. Pastoor, Nancy S. Pastoor, D. Gene Merrill, Trustee, Frederick E. Brooks, Trustee, and Atlantic Coast Mortgage Company (the "Pastoor Defendants") pursuant to Virginia Code § 43–17.1 for a determination of the validity of the mechanic's lien claimed by the complainant, Builders Floor Service, Inc., against a certain lot in Ashburn Farm, Loudoun County, Virginia. The Court heard oral argument on February 7, 1992.

For the reasons hereinafter set forth, the Petition is denied.

In this cause, Builders Floor Service seeks to enforce a mechanic's lien claimed by it as a general contractor on seven lots in a subdivision known as Ashburn Farm in Loudoun County. The Pastoor Defendants are the owners of and the trustees and beneficiary under an antecedent deed of trust on Lot 15, Section 3, Block 5, Ashburn Farm. Under the Declaration of Covenants for Ashburn Farm, the Ashburn Farm Association (the "Association") has the power to own, maintain and administer common areas, administer and enforce the applicable covenants and restrictions, and collect and disburse the assessments and charges created therein. All assessments are "a

charge on the land and shall be a continuing lien upon the property against which each such assessment is made." The Association makes assessments against the lots in the subdivision.

The Pastoor Defendants argue that because the Association has a "continuing lien" on the lot creating a priority problem upon disbursement of any sale proceeds, the Association is a necessary party. Because more than six months have elapsed since the memorandum of mechanic's lien was recorded by the complainant, the Pastoor Defendants argue that the suit should be dismissed because of the absence of such necessary party under the rationale of *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986), *Mendenhall v. Cooper*, 239 Va. 71 (1990), and the recent case of *James T. Bush Construction Co., Inc. v. Patel*, 243 Va. 84, 412 S.E.2d 703 (1992). The Pastoor Defendants place particular reliance on the opinion in *Bush* that if a party's lien may be "defeated or diminished" by enforcement of a mechanic's lien, then that party is a necessary party. For the reasons set forth below, I am of the opinion that the Association is not a lien creditor until such time as it has taken steps to perfect its lien for unpaid assessments; and because there are no allegations of (1) unpaid assessments as to the lot in question and (2) steps taken by the Association to perfect its lien, the Association is not a necessary party.

The Declaration of Covenants and Restrictions of Ashburn Farms provides very little about how the "continuing lien" for the assessments is to be perfected or enforced. In Section 7 of article V, it is provided that the Association may give notice to an owner "that in the event payment with accrued interest and penalties are not paid within thirty days from the date of such notice, then the expressed contractual lien . . . shall be filed and/or foreclosed." Although the Declaration does not refer to the Virginia Property Owners' Association Act (Section 55–508 *et seq.*) (the "Act"), the recitations therein make it clear that the Act is applicable to the Association. The act provides specific provisions for the perfection and enforcement of a lien for assessments. The Association does not have a lien merely by saying it does in the Declaration.

Section 55–516 specifically provides that the Association does not have a lien until it is perfected and that the lien is perfected by filing a memorandum in the clerk's office where the development is located. *See* Section 55–516(B). Such a memorandum has not been

filed by the Association. At best, the Association has an inchoate lien. *See, United States v. White*, 325 F. Supp. 1133 (S.D. W. Va. 1971); 12A M.J., *Liens*, Section 2. Even a perfected lien does not affect the priority of mechanic's and materialmen's liens under § 55–516(A). As a result, there is no lien of the Association that will be "defeated or diminished" by the enforcement of the complainant's mechanic's lien. Hence, the Association is not a necessary party.

I agree fully with the excellent analysis and decision of Judge Thomas J. Middleton of the Fairfax Circuit Court on this same issue in his letter opinion of December 11, 1991, in *Triangle Pacific v. Westchester Homes*, Chancery No. 121793, *L. C. Smith v. Westchester Homes*, Chancery No. 121830, and *Dempsey Supply v. Westchester Homes*, Chancery No. 121871. His reasoning is equally applicable to this case.

The complainant also raised the issue of whether the Pastoor Defendants have standing to object to the nonjoinder of a necessary party. The Supreme Court hinted at it but dodged it in *Walt Robbins*. *See* footnote 2, 232 Va. at 46. Judge Middleton pointed out that it was not raised in the three cases which were before him on motion to file amended answers to assert the defense of failure to join a necessary party. *See* footnote 1 in his December 11, 1991, opinion letter.

Here the Pastoor Defendants chose to file a petition under § 43–17.1 which provides that "any party having an interest in real property against which a lien has been filed, may, upon a showing of good cause, petition" this Court to determine the validity of the lien. The Pastoor Defendants were made parties defendant by the complainant. They certainly have an interest in property against which the complainant has filed a lien. As such, I am of the opinion that the Pastoor Defendants have standing to file the Petition under § 43–17.1. I express no opinion on the ability of a party defendant in a suit to enforce a mechanic's lien to have standing other than by petition under Section 43-17.1 to object to the nonjoinder of a necessary party.

The complainant also made a practical and policy argument that this "novel approach" considering that property owners' associations have never before been made parties to mechanic's lien enforcement suits would have a potentially uncertain and devastating

effect on prior mechanic's lien litigation. If I had concluded that the Association is a necessary party under Virginia law, then I would not have ruled differently merely because of this policy argument. It may then be a matter more appropriately addressed to the legislature.

Let Mr. MacPherson prepare a decree denying the Petition.