**CIRCUIT COURT OF LOUDOUN COUNTY**

Ben Gravett Enterprises

v.

Parcon Construction, Inc., et al.

May 14, 1992

Case No. (Chancery) 13289

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the demurrer of the defendant, Mercure Dulles, Inc., and Mercure Land, Inc. ("Mercure") to the Complainant's Bill of Complaint to Enforce Mechanic's Lien. After hearing argument on May 1, 1992, the demurrer was taken under advisement.

For the reasons hereinafter set forth, the demurrer is overruled.

The demurrer, filed April 1, 1991, sets forth three grounds. However, counsel only argued two grounds on May 1, 1992: (1) the Bill alleges that the Complainant furnished the same materials to two different parcels or sets of parcels of land and the Complainant cannot maintain an action containing inconsistent allegations; and (2) the Complainant failed to make other mechanic's lienors parties to this suit.

*Inconsistent Positions*

I disagree with the way in which Mercure reads the Bill of Complaint. Paragraph 4 alleges a contract to provide labor, equipment and material in one building located on three lots. It alleges a single contract without the price being allocated proportionately among the lots. The Statement of Account and the Memoranda of Mechanic's Lien attached to the bill of complaint are not necessarily inconsistent with this allegation. The complainant has alleged a blanket lien on three lots pursuant to a single contract. *See Addington-Beamon Lumber Co. v. Lincoln Savings & Loan*, 241 Va. 436 (1991); *Rosser v. Cole*, 237 Va. 572 (1989) (dissent of Justice Compton); *Sergeant v. Denby*, 87 Va. 206 (1890).

I am not ruling that Mercure's position is not a possible defense, but I am only ruling that the defense cannot be asserted as a matter of law to the allegations of the Bill.

### Failure to Make Other Mechanic's Lienors Parties to the Suit

Citing the trilogy of *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986); *Mendenhall v. Cooper*, 239 Va. 71 (1990); and *James T. Bush Construction Co. v. Patel*, 243 Va. 84 (1992), which all involve trustees and beneficiaries under a deed of trust, Mercure argues that other mechanics who have recorded memoranda of mechanic's liens are necessary parties to this suit, and because they were not made parties defendant within the six-month statutory limitation, the complainant's lien cannot be enforced. I do not agree.

The underlying theory of *Walt Robbins, Mendenhall* and *Bush* appears to be that if the lien of the alleged necessary party could be "defeated or diminished" by enforcement of the mechanic's lien, then it is a necessary party. It is essential that the alleged necessary party must have a lien. The mere recordation of a memorandum of mechanic's lien does not give the lienor an enforceable lien. A suit must be filed to enforce the lien within the six-month limitation period of § 43–17. If suit is not filed, then the lien is unenforceable. Merely making another mechanic's lien claimant a defendant is not the equivalent of instituting a suit under § 43–17 or an intervening petition under 43–22. *Commonwealth Mechanical Contractors v. Standard Federal Savings & Loan*, 222 Va. 330 (1981). Making the mechanic's lien claimant a defendant does not give him an enforceable lien. He is not like the trustee or beneficiary of a deed of trust.

Before the land may be sold in enforcement of the mechanic's lien, the Court must ascertain the priority of all the liens thereon. Whether a mechanic's lien has a valid lien can be ascertained by an examination of the land records and the chancery docket of the Court. In usual practice, the cause is referred to a commissioner in chancery to make these determinations and report them to the Court. With the affirmative duties on a mechanic's lienor before his lien is enforceable, I feel that the chance of his not being notified or advised of all the mechanic's lien litigation affecting the land is almost nonexistent. The chance that his lien will be "defeated or diminished" is likewise almost nonexistent. I feel that the better practice is to make all persons who have recorded memoranda of mechanic's liens as to

the land parties as to any suit to enforce a mechanic's lien thereon but that such other mechanic's lienors are not necessary parties to such suit.