## CIRCUIT COURT OF FAIRFAX COUNTY

Arlington Iron Works, Inc.

    v.

DCB Construction, Inc.

          Case No. (Chancery) 121673

K. L. Langhorne
Concrete Construction, Inc.

    v.

Bogle Group II, L.P.

          Case No. (Chancery) 119862

Miami Plumbing
and Heating Contractors
of Va., Inc.

    v.

Bogle Construction Co.
of Va., Inc.

          Case No. (Chancery) 125260

Long Masonry of Va., Inc.

    v.

Bogle Construction Co.
of Va., Inc.

          Case No. (Chancery) 119861

May 29, 1992

BY JUDGE THOMAS A. FORTKORT

These cases are before the Court on the Motions to Dismiss filed by Maryland National Bank in *Arlington Iron Works, K.L. Langhorne*, and *Long Masonry*, and the Demurrer filed by Maryland National Bank in *Miami Plumbing & Heating*. The Motions and the Demurrer raise the question of whether prior judgment lien holders and prior mechanic's lien holders must be named as parties in a bill of complaint to enforce a mechanic's lien. For the reasons set forth below, the Court denies the Motions to Dismiss and overrules the Demurrer on this issue.

The plaintiffs in each of these cases are construction companies that have furnished labor and materials for the development of property known as the Southparc Business Condominium. The plaintiffs have not been paid for the value of the labor and materials supplied to the development, and consequentially, they have filed Memoranda of Mechanic's Liens and Bills of Complaint to Enforce the Mechanic's Liens.[1]

In deciding whether prior judgment lien holders and prior mechanic's lien holders must be named as parties in these plaintiffs' Bills of Complaint, the Court must address whether the due process rights of the prior judgment lien holders and prior mechanic's lien holders are satisfied although these creditors were not named as defendants in the Bills of Complaint and therefore received no notice of the filing of the Memoranda of Mechanic's Liens. In cases such as *Walt Robbins v. Damon Corp.*, 232 Va. 42, 348 S.E.2d 223 (1986), and *James T. Bush Construction Company, Inc. v. Patel*, 243 Va. 84 (1992), the Virginia Supreme Court recognized that due process re-

---

[1] Maryland National Bank argues in its Demurrer that Miami Plumbing & Heating's suit to enforce is barred by the statute of limitations given in Virginia Code § 43–17. Maryland National Bank claims that Miami Plumbing & Heating has failed to file its Bill of Complaint to Enforce the Lien within six months of filing the Memorandum of Mechanic's Lien or within thirty days of the date of the termination of the automatic stay imposed by § 362 of the Bankruptcy Code. The Court did not hear evidence on this issue at oral argument on May 22, 1992, and will not rule on the matter at this time.

quires that parties whose interests in the subject property could be affected by the enforcement of the mechanic's lien must be made defendants in the suit so that these parties can protect their interests in the subject property.

In *Arlington Iron Works* and *Miami Plumbing & Heating* presently before the Court, Maryland National Bank argues that the suits to enforce the mechanic's liens should be dismissed because the plaintiff failed to name as defendants judgment lien creditors who had docketed one or more judgments against the property. In *Arlington Iron Works*, however, Maryland National Bank foreclosed on the property on February 21, 1992, with a bid of $1,411,491. The Deed of Trust and Note had an original amount of $10,200,000. The foreclosure sale eliminated any interest of the judgment lien holder in this case. The Court finds that the suit to enforce the mechanic's lien of Arlington Iron Works is viable although the plaintiff did not name this judgment lien holder as a defendant. Since the judgment creditor has no interest in the property because of the foreclosure, Maryland National Bank's argument that this creditor should have been joined as a defendant in the suit so that the creditor's interest would be protected is moot.

Maryland National Bank makes this same argument in its Demurrer to the Bill of Complaint in *Miami Plumbing & Heating*. In *Finkel Products v. Bell*, 205 Va. 927, 140 S.E.2d 695 (1965), the Virginia Supreme Court found that failure to join a judgment creditor was not fatal to the enforcement of the mechanic's lien. While the subject property could not be sold free and clear of encumbrances until the judgment creditor was made a party to the suit, the mechanic's lien remained valid and was not extinguished although the plaintiff had not joined this judgment creditor. Applying this reasoning to the case under consideration, the Court finds that the plaintiffs' suit to enforce also remains valid. However, any judgment creditors must be joined before a judicial sale can convey the property free and clear of encumbrances. The Virginia Supreme Court recognized in *Finkel* that judgment creditors may be made parties to the suit even after the bill of complaint to enforce the mechanic's lien is filed. 205 Va. at 932. A commissioner can then ascertain and adjust the priorities; any judicial sale will then be binding upon these judgment creditors. The Court therefore denies the Motions to Dismiss of Maryland National Bank in *Arlington Iron Works, Inc. v. DCB Construction, Inc.* and

*Miami Plumbing & Heating Contractors of Va., Inc. v. Bogle Construction Company of Va., Inc.*

In *Miami Plumbing & Heating*, *K.L. Langhorne*, and *Long Masonry* now before the Court, Maryland National Bank contends that the suits to enforce should be dismissed because the plaintiff has failed to join prior mechanic's lien holders. The Virginia Supreme Court has provided analysis of due process considerations in mechanic's lien cases in *James T. Bush Construction Company Inc. v. Patel*, 234 Va. 84 (1992). In *Bush Construction*, the Supreme Court found that whether a party is necessary to a suit to enforce a mechanic's lien does not depend on whether the party has a superior or inferior interest in the property, i.e., the Supreme Court rejected the finding given earlier in *Monk v. Exposition Deepwater Pier Corp.*, 111 Va. 121, 68 S.E. 280 (1910), that a party with an interest inferior to the mechanic's lien is by definition a proper but not a necessary party. The Court found instead that analysis of the particular interest involved using principles of due process is the proper tool to determine whether a party must be joined as a defendant. Citing *Mendenhall v. Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990), the Supreme Court reiterated its finding that parties who have an interest which could be defeated or diminished by enforcement of the mechanic's lien are necessary parties to the suit.

The Virginia Supreme Court has not yet indicated whether prior mechanic's lien holders are necessary parties to a suit to enforce a mechanic's lien or if failure to join these prior lien holders extinguishes the mechanic's lien. Under *Bush Construction Company*, *supra*, the question before the Court is whether the interests of prior mechanic's lien holders would be defeated or diminished by enforcement of the mechanic's liens alleged in each of these suits.

The validity and priority of the prior mechanic's liens remain unchanged upon the filing of the memorandum of mechanic's lien and the suit to enforce the lien; the prior mechanic's liens therefore are not adversely affected by the mere filing of the new memorandum and the suit to enforce. If the sale price of the property is insufficient to cover all encumbrances, the mechanic's lien holders share pro rata in their portion of the proceeds from the property. While the addition of another mechanic's lien would lessen the prior lien holders' proportional shares in such a situation, these prior mechanic's lien claimants are without standing to attack the existence or validity of the new mechanic's lien.

The interests of the prior mechanic's lien holders are first affected when the case comes before the commissioner in chancery to determine the existence, value, and priority of the encumbrances on the property. Due process requires that these lien holders be given notice at the time their liens are affected. Since the Virginia Supreme Court has not indicated that failure to join the prior mechanic's lien holders extinguishes the lien, this Court finds that due process is satisfied if notice of the hearing before the commissioner in chancery is afforded all prior mechanic's lien holders so that they may appear to protect their interests. The Court therefore denies the Motions to Dismiss of Maryland National Bank in *K.L. Langhorne Concrete Construction, Inc. v. Bogle Group II, L.P.*, *Miami Plumbing & Heating Contractors of Va., Inc. v. Bogle Construction Company of Va., Inc.*, and *Long Masonry of Va., Inc. v. Bogle Construction Company.*