## CIRCUIT COURT OF LOUDOUN COUNTY

Tarmac Acquisition, Inc., t/a Amax

v.

Gold Line Concrete Constr., Inc.,
t/a Gold Line Concrete Corp., et al.

### June 3, 1992

### Case No. (Chancery) 13297

BY JUDGE THOMAS D. HORNE

By letter opinion dated February 14, 1992, this Court sustained the demurrer of Mercure Dulles, Inc., to the Bill of Complaint to enforce the mechanic's lien of a sub-contractor. In sustaining the demurrer, the Court found that the general contractor was a necessary party to the action. However, the Court did not dismiss the action and permitted Complainant to replead its case. *James T. Bush Const. Co., Inc. v. Patel*, 243 Va. 84 (1992); § 8.01–6, Code of Virginia, as amended.

Subsequently, Complainant filed an Amended Bill naming the general contractor as a Defendant. In response to the Amended Bill, Defendant Mercure Dulles, Inc., filed a motion to dismiss. The Court finds that the provisions of § 8.01–6, as amended in 1990, do not save the instant case from the bar of the statute of limitations set forth in Section 43–17, Code of Virginia, 1950, as amended. Accordingly, the instant Amended Bill should be dismissed.

In order for the "relation back" provisions of § 8.01–6 to apply, it must be shown that:

1. the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading,

2. that the party to be brought in by the amendment, received notice of the institution of the action within the limitation period prescribed for commencing the action,

3. that the party to be brought in by the amendment will not be prejudiced in maintaining a defense on the merits, and

4. that the party to be brought in by the amendment knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Even were the Court to assume that the legislature intended by such amendment to Section 8.01–6 to broaden the scope of the "misnomer" statute to include persons and entities previously excluded as involving "mistake of person", the instant pleadings may not enjoy the benefits of such amendment. There is nothing to suggest that Complainant was mistaken in the least concerning the identity of the general contractor. It was simply omitted as a party to the case. Such a failure to join the general contractor within the period of the statute of limitations is fatal to the Complainants' case.

Accordingly, the motion to dismiss will be granted and the case removed from the docket.