## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

R. C. Lee Carpet & Tile, Inc.

v.

Curtas Forest Products, Inc.

June 6, 1994

Case No. C-93-08

By Judge William H. Ledbetter, Jr.

In this mechanic's lien suit, a lien creditor who was properly joined as a defendant demurs to the bill on the ground that another creditor was not joined as a defendant, and, consequently, the bill must be dismissed for the reasons stated in *James T. Bush Construction Co. v. Patel*, 243 Va. 84 (1992).

In response, the complainant argues that the other creditor was not a "lien creditor" at the time the suit was filed and hence is not a necessary party in this litigation.

Although the issue was presented by way of demurrer, the parties stipulated all pertinent facts, some of which could not be otherwise ascertained from the pleadings, and asked the Court to consider the stipulation as well as the facts alleged in the bill. Therefore, the Court's ruling is based on the pleadings, as is customary when considering a demurrer, and also the written stipulation of facts.

### Facts

The complainant, R. C. Lee, timely filed a memorandum of mechanic's lien against property owned by Curtas Forest Products, Inc. (Curtas) for work done on the premises. Thereafter, R. C. Lee instituted this suit to enforce its mechanic's lien. The bill names Curtas, the landowner, and a number of lien creditors as defendants. Included among the defendants is First Savings Bank, beneficiary of an antecedent deed of trust and the trustees under that deed of trust.

R. C. Lee's bill was filed on January 11, 1993. According to the written stipulation, it was date and time stamped in the clerk's office as of 1:47 p.m. that day.

Also on January 11, 1993, the clerk's office received an abstract of judgment in favor of Culpeper Stone Company, Inc. (Culpeper Stone) against Curtas. According to the written stipulation, it was date and time stamped in the clerk's office as of 12:22 p.m. on that day — in other words, the abstract of judgment was stamped approximately an hour and a half before R. C. Lee's bill was stamped.

(Because the abstract of judgment was received by mail, it cannot be determined which paper actually arrived first in the clerk's office. However, for the reasons explained below, the precise time of arrival of a judgment in a clerk's office, compared with time of receipt of a lawsuit in the same office, is inconsequential.)

Some time after January 11, 1993, the judgment was recorded and indexed. Between the date of its receipt and the date it was recorded and indexed, the judgment was in "an in-box on a desk in the Clerk's Office . . . available for inspection by the public." However, during that time, it was not indexed in any fashion.

### Decision

A judgment for money becomes a lien on the real estate of the judgment debtor *from the time such judgment is recorded on the judgment lien docket* of the clerk's office in the county where the land is located. Virginia Code § 8.01-458. Therefore, docketing is a necessary prerequisite to a valid judgment lien.

"Docketing" means, in essence, the process by which an entry is made in a book. In regard to judgments, the entry is intended to afford official notice to interested parties of the existence of the judgment and its possible effect on the judgment debtor's property. The manner by which the clerk is to "docket" judgments is defined by statute. See Virginia Code §§ 8.01-446 et seq. A judgment is not regarded as docketed until it is indexed. Virginia Code § 8.01-450. Various types of indices may be maintained, including a daily index that is maintained for instruments that have not been transferred to the general index.

In this case, the Culpeper Stone judgment against Curtas may have arrived in the clerk's office before R. C. Lee filed this suit, it may have been stamped as received prior to the time R. C. Lee's suit papers were stamped, it may have been in an "in-box" open to public inspection, but it

had *not* been recorded or indexed in any fashion at the time R. C. Lee filed this suit. It follows that the Culpeper Stone judgment did not constitute a lien on the real estate of Curtas at the time R. C. Lee instituted this suit to enforce its lien against the Curtas property; and, for that reason, Culpeper Stone was not a necessary party to this suit.

Therefore, the demurrer is overruled.