# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Kesterson Heating
and Plumbing, Inc.

v.

Estel O. Blankenship et al.

February 23, 2004

Case No. CH03001302

BY JUDGE JOHN E. KLOCH

On Motions Day February 11, 2004, this Court took under advisement Defendants Louis and Elizabeth Cordia's motion to dismiss Kesterson Plumbing & Heating, Inc. ("Kesterson") Bill of Complaint to enforce a mechanic's lien. The Cordias moved to dismiss Kesterson's bill for failure to include a necessary party, R & B, Inc. Kesterson moved to consolidate this cause with another Chancery suit pending in this Court for enforcement of a mechanic's lien, E. O. Blankenship v. Cordia et al., CH03001196. On review of the parties' memoranda, the February 11th argument, and further reflection on the issue, this Court denies the Cordias' motion to dismiss.

*Necessary Parties*

It is a long-standing principal in Virginia jurisprudence that no person holding a valid interest in property may be deprived of such interest without due process of law. *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 47 (1986) (*quoting Finkel Prods. v. Bell*, 205 Va. 927, 931 (1965)). The Virginia Supreme Court noted that enforcement of a valid mechanic's lien could lead to judicial sale of the parcel and therefore all parties with a known interest in that parcel

must receive notice of the pending disposition to give them an opportunity to challenge the enforcement action. *Walt Robbins*, 205 Va. at 931.

The Virginia Supreme Court clarified its position in 1990 when the Court explicitly decided that a trial court could go forward with a suit to enforce a mechanic's lien where *proper* parties were not joined but not where *necessary* parties were not joined. *Mendenhall v. Cooper*, 239 Va. 71, 74 (1990), *accord Bush Construction Co. v. Patel*, 243 Va. 84 (1992). In *Bush*, the Virginia Supreme Court held that all parties with an immediate interest in resisting the enforcement of a mechanic's lien are necessary parties to such suits (regardless of whether they are "antecedent/subsequent or superior/inferior"). *Bush*, 243 Va. at 86. The *Bush* Court ruled that necessary parties are determined by analyzing "the nature of the particular interest involved and the rights appurtenant to that interest in light of the relief sought." *Id.* at 87-88 (*applied in Air Power, Inc. v. Thompson*, 244 Va. 534, 536 (1992) (holding a land beneficiary of a trust with real property as the *res* is not a necessary party because the land beneficiary's interest is in personalty)).

### Necessary Parties in a Mechanic's Lien Cause

Although the Cordias argue R & B, Inc., is a party with a valid interest that could be defeated if this suit to enforce went forward without them, this Court does not find direct support for this assertion in the Virginia Supreme Court cases. While *Walt Robbins*, *Mendenhall*, and *Bush* dealt with necessary parties in a mechanic's lien enforcement suit, the Virginia Supreme Court has not ruled on the issue of at what stage of the mechanic's lien process a lien holder becomes a necessary party. In *Walt Robbins*, the Court considered the necessity of including the holder of an antecedent deed of trust, in *Mendenhall*, the Court considered the necessity of including the owners of the land encumbered, and in *Bush*, the Court considered the case of an "inferior" deed of trust on the property. This case regards a different class of party, a filer of a memorandum of mechanic's lien that had yet to file suit to enforce.

It has been asserted that R & B, Inc., filed its suit to enforce its mechanic's lien by Cross-Bill. The file in CH03001196 reflects R & B, Inc.'s Answer and Cross-Bill filed on August 12, 2003. Kesterson filed this Bill of Complaint on Aug. 4, 2003, the last day in their six-month statute of limitations. At the time of Kesterson's filing R & B, Inc., was a potential lien holder with a filed memorandum of mechanic's lien.

The parties discussed a trio of Virginia circuit court cases in their memoranda and at oral argument. While these three persuasive precedents do

not control this Court's decision, they do shed light on the Virginia Supreme Court's position on necessary versus proper parties.

In *Arlington Iron Works, Inc. v. DCB Construction*, 28 Va. Cir. 200 (1992), Judge Fortkort of Fairfax County ruled that "prior mechanic's lien holders" are not necessary parties but must be given notice of a hearing before a commissioner in chancery proceeding to ascertain the validity and priority of liens. *Arlington Iron Works*, 28 Va. Cir. at 203-04 ("The interests of the prior mechanic's lien holders are first affected when the case comes before the commissioner in chancery to determine the existence, value, and priority of the encumbrances on the property."). There, Judge Fortkort did not rule on whether a party who had filed a memorandum of mechanic's lien was, in fact, a lien holder necessary to the subject enforcement suit, only that those with previously adjudicated mechanic's liens would have their interests lined up by a commissioner in chancery before the property is sold at judicial sale. *Id.*

The Cordias argue that *Arlington Iron Works* is distinguishable because, there, Judge Fortkort ruled that the mechanic's lienor seeking to enforce its claim failed to file within the six-month statute. While that is an issue noted by Judge Fortkort (footnote 1), the issue of the statute of limitations was not dispositive to the Court's argument because that referenced only one of the three parties claiming mechanic's liens over the property. *Id.* at 203.

In *Ben Gravett Enters. v. Parcon Construction*, 29 Va. Cir. 28 (1992), Judge Chamblin of Loudoun County ruled mechanic's lien claimants who have merely filed a memorandum of mechanic's lien are not in the *Walt Robbins* realm of necessary parties. *Ben Gravett*, 29 Va. Cir. at 28. Judge Chamblin reasons that the general procedure for ascertaining all interests in a property is to refer the matter to a commissioner in chancery for review of the land records and chancery docket to determine the priority and validity of liens before returning the matter to circuit court for final disposition. *Id.* at 29. The subsequent circuit court proceeding is where all parties with legitimate claims are sorted out, and, therefore, mechanic's lien holders are not necessary parties to an enforcement suit. *Id.* ("With the affirmative duties on a mechanic's lienor before his lien is enforceable, I feel that the chance of his not being notified or advised of all the mechanic's lien litigation affecting the land is almost non-existent. The chance that his lien will be 'defeated or diminished' is likewise almost non-existent.").

The Cordias' only real argument in this case that reflects how R & B, Inc., is included as a necessary party under *Ben Gravett* is that R & B, Inc., took steps beyond merely filing their memorandum. The Cordias believe the Cross-Bill to enforce, filed in Estel O. Blankenship v. Louis Cordia et al., CH03001196, places R & B, Inc., into the necessary party ranks. As discussed

earlier, R & B, Inc., filed their Cross-Bill on August 12, 2003, eight days after Kesterson filed their Bill of Complaint on August 4, 2003 (the six-month anniversary of Kesterson's memorandum of mechanic's lien). Regardless, application of *Ben Gravett* to R & B, Inc., would lead to their exclusion as a necessary party anyway because there are protections in place for mechanics with potential liens.

Finally, in *Builders Floor Service, Inc. v. Westchester Homes of Va., Inc.*, 26 Va. Cir. 365 (1992), Judge Chamblin ruled that the holders of inchoate liens, like the "continuing lien" held by a home-owner's association, are not necessary parties because they have not taken steps to perfect their liens. *Builders*, 26 Va. Cir. at 365. There, the court ruled along similar lines to *Ben Gravett* in finding those without complete lien interests are not necessary parties. The Cordias argue that this case is completely inapplicable because, here, we do not have a continuing/inchoate lien like those held by homeowner associations for unpaid dues. It is true that the factual scenario is different but the underlying reasoning is still valuable to the present discussion.

As the Virginia Supreme Court indicated in its *Walt Robbins, Mendenhall*, and *Bush* opinions, due process rights are at the heart of requiring the inclusion of certain necessary parties. In essence, the Court expects the circuit courts to refrain from determining the disposition of the property rights until all parties with a valid interest have timely notice of the disposition. More on point for this case, Judges Fortkort and Chamblin considered three different scenarios respecting necessary parties in mechanic's lien enforcement cases. The consensus is that necessary parties are those with a present lien claim against the property at issue; incomplete lien holders are not necessary parties because those who have yet to perfect their lien will have an opportunity to line up with the other creditors at the commissioner's proceeding.

This Court agrees with the positions taken by its fellow circuit courts and likewise finds the unperfected lien claimant a proper but not necessary party. In this enforcement action, Kesterson named as defendants a number of parties, including the title owners, the Cordias, the owner's mortgagee, and, among others, parties claiming a mechanic's lien through their filing of memoranda on the land records. While a search of the land records under the names of the title owners does indicate R & B, Inc., as a party having filed their memorandum of

mechanic's lien,1 nothing in the land records indicates R & B, Inc., filed an action to enforce their lien. Further, as discussed earlier, even a review of the chancery docket in the City of Alexandria Circuit Court Clerk's office would not have disclosed R & B, Inc., as a party seeking to secure their interest because, on August 4, 2003, R & B, Inc., had not filed either a suit or their Cross-Bill in CH03001196.

The institution of a suit to enforce a mechanic's lien does nothing to cut off the interests of other potential lien claimants. If, at the end of the proceedings to ascertain the validity of Kesterson's mechanic's lien, the only way to satisfy a judgment is judicial sale of the property in question, a commissioner in chancery will be appointed to take stock of the interests in the property. At that point, all of the holders of deeds of trust and other lien holders or lien claimants would be sorted out and prioritized by the commissioner in his or her report to the Court. That commissioner's proceedings is the forum where parties' interests might be defeated or diminished. That final step (should the litigation get to that stage) would be the place for R & B, Inc., and any other unperfected lien claimants to present evidence of their liens and damages. If R & B, Inc., has a proven claim and the lien is found valid during the commissioner's proceeding, then their interest will be secured and due process served. Such a system is created to ensure a complete accounting of all interested parties. R & B, Inc.'s due process rights are not harmed by their absence as a named Defendant in Kesterson's action to enforce their own mechanic's lien.

It would go against the implicit goal of the Virginia Supreme Court cases to require as necessary parties any and all parties that *may* have a *future* interest in the property. The Virginia Supreme Court's reasoning appears to this Court aimed at protecting the due process rights of parties with an existing interest in the property. A third-party that has yet to take the second step in the process of securing their lien has not yet proven any property right. This Court will not, therefore, dismiss a proper suit to enforce a mechanic's lien on failure to join a party with a speculative interest. The better approach is to require parties who subsequently establish a valid property interest through an enforcement action to

---

1 When searching real property records, a person may find out what deeds of trust, satisfactions, and memoranda of mechanic's liens exist by searching the owner's name. One may not, in the same recordation system, find out who has taken any additional steps to enforce such lien. To find out that information, a party seeking to sue to enforce against the owner and joining all who already filed their suit to enforce would have to search the Clerk's files for suits by the potential lienor, not nearly as easy as finding out who has memoranda against the property.

be included in a commissioner's proceeding, should such drastic measure be necessary, to ascertain valid liens en route to judicial sale.

Accordingly, the motion to dismiss for failure to join a necessary party is denied. As was suggested by the Court on Motions' Day, if the Motion to Dismiss was denied, the Motion to Consolidate this case with the companion case, CH 03001196, would be granted.