## CIRCUIT COURT OF LOUDOUN COUNTY

Peed Plumbing, Inc.

v.

Peter C. Freedland

May 4, 2009

Case No. CL 48170

BY JUDGE THOMAS D. HORNE

The singular issue raised in the instant Motion for Reconsideration is whether or not the Court erred in dismissing the instant mechanics' lien action by reason of a failure of the plaintiff subcontractor to join other lien claimants in the instant action. A resolution of this issue is predicated upon a determination as to whether other mechanics' lien claimants are "necessary parties" to the suit. The Court previously determined that they are. In this determination the Court erred. Accordingly, the previous order of this court on April 20, 2009, will be vacated and the matter put back on the docket for further proceedings.

It is generally held that, "[w]here . . . [a mechanic's lien] statute does not specify who should be made a party to the action, the solution of the problem is to be found in the nature of the action to enforce the lien and the remedy sought." 53 Am. Jur. 2d, *Mechanics' Liens*, § 352 (2008).

Other jurisdictions have held that only those subcontractors with whom the claimant has contracted to perform labor or furnish materials are "necessary" parties to the suit. Otherwise, other subcontractors are "proper," but not "necessary," parties to the suit to enforce. *Id.* at § 365.

The distinction between "necessary" and "proper" parties within the context of a suit to enforce a mechanics' lien is an important one. The failure to join a "necessary" party within the six-months limitation period for

enforcement provided by statute is fatal to the claim. Va. Code Ann. § 43-17; *Finkel Products v. Bell*, 205 Va. 927 (1965). In this determination, the Supreme Court has applied a due process analysis in determining whether a plaintiff has failed to join a necessary party in a mechanics' lien action.

Thus, the Court has observed:

> It is fundamental, of course, that no person may be deprived of his property without due process of law. "One of the essentials of due process is notice. This is especially true in proceedings of a judicial nature affecting the property rights of citizens. . . ." Jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require. There must be jurisdiction of the subject matter of the litigation and also over the parties thereto. If either is wanting, the resulting judgment is void. The defendants must be properly brought before the court, else there will be no jurisdiction over him and a judgment against him will be void.

*Id.* at 931.

Should the Court determine, as it previously has, that other mechanics' lien claimants who have perfected, but not recovered on their claim against the property sought to be encumbered, are "necessary" parties, then the motion to dismiss made by the defendant must be granted. Otherwise, the failure to join such parties is not fatal to plaintiff's claim in this case.

The Supreme Court of Virginia has applied an inclusive definition of "necessary" parties to a cause. Thus, the Court has observed:

> Our definition of "necessary parties" is broad: Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Raney v. Four Thirty Seven Land Co.*, 233 Va. 513, 519 (1987).

Thus, judgment lien creditors have been found to be "necessary" parties to a suit to enforce a mechanics' lien. *Finkel Products v. Bell*, 205 Va. 927 (1965). Beneficiaries and trustees of deeds of trust recorded prior to perfection

of the lien and after perfection, but before filing a suit to enforce, have also been held to be "necessary" parties. *Walt Robbins v. Damon Corp.*, 232 Va. 43 (1986); *James T. Bush Construction Co. v. Patel*, 243 Va. 84 (1992).

An important distinction is to be drawn between recordation of the lien and the suit to enforce. This distinction is elaborated upon in the following:

> [T]he object of the memorandum is to register the claimant's lien and to put potential purchasers of the property on notice of the existence of the lien. The filing of the memorandum is not a proceeding at which parties with adverse interests may challenge the validity of the lien. Indeed, it is not a "proceeding" at all.

*Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 48 (1986) (authorities omitted).

Unlike a deed of trust or a judgment lien, the "perfection" of a mechanics' lien is a prejudgment remedy for the protection of the public and to preserve the rights of the lien holder in improvements made to the property. In the case of a recorded security interest against the property sought to be encumbered by the mechanics' lien, it has been noted that:

> [T]he lien of a deed of trust recorded before the land is improved is a first lien on the land and a lien on the improvements subordinate to the mechanics' lien; the mechanics' lien is a first lien on the improvements and a subordinate lien on so much of the land as is necessary for the use and enjoyment of the improvements.

*Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 47 (1986) (authorities omitted).

At the time the mechanics' lien is first admitted to record in accordance with strict statutory procedures, the ultimate interest of the lien holder in the property against which the lien is recorded has yet to be determined by the Court. It is an expectancy of recovery against the real estate to be charged with the debt. Such a determination follows once the lien holder files suit or, failing to do so, forfeiture of the lien is affected by the passage of time.

While due process considerations may exist as to this expectancy based upon "perfection" of the lien, such an expectancy is not an interest in the property itself. See, *Air Power, Inc. v. Thompson*, 244 Va. 534 (1992). Unlike a recorded security interest or judgment lien, it is not an "immediate interest"

in the real property that may be enlarged or diminished based upon what is done in the suit. Those who have recorded liens are proper, but, unlike the trust holder or judgment lien creditor, not necessary parties.

The motion to reconsider is granted and the order entered in this case on April 20, 2009, is vacated and the case put back on the docket for further proceedings.