## CIRCUIT COURT OF FAIRFAX COUNTY

CA Builders, L.L.C.

v.

Sean C. Forde
and Lesley S. Forde

October 13, 2011

Case No. CL-2011-9447

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on September 2, 2011, on the Plea in Bar of the defendants Sean C. Forde and Lesley S. Forde (collectively, the "Fordes") to Count I of the complaint. At that time, the court took the plea under advisement. The court has now fully considered the pleadings and the arguments of counsel. For the reasons stated below, the plea in bar will be sustained.

### Facts

In Count I of its complaint, plaintiff CA Builders, L.L.C., seeks to enforce a mechanic's lien for work performed on the Fordes' house pursuant to a residential construction contract. Count II alleges a cause of action for breach of that contract.

The Fordes' plea in bar asserts that Count I should be dismissed because the plaintiff failed name as a party to this suit the beneficiary of the deed of trust encumbering their property. The Fordes argue that the beneficiary of the deed of trust is a necessary party to a suit to enforce a mechanic's lien.

The deed of trust that creates a lien on the Fordes' house names Elizabeth Godwin-Jones as the "Trustee," Chevy Chase Bank as the "Lender," and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "beneficiary." The deed of trust provides, in bold-faced type, that **"MERS is the beneficiary under this security instrument."** The plaintiff named as parties to the suit the trustee and the lender but not MERS as the beneficiary.

*Discussion*

The issue before the court is whether MERS is a necessary party to this mechanic's lien suit.

The Fordes, relying on *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 47-48, 348 S.E.2d 223, 227 (1986), argue that "both the trustee and the named beneficiary of an antecedent deed of trust are necessary parties." This is because the deed of trust creates a first lien on the land and a lien on any subsequent improvements that is subordinate to a mechanic's lien. *Id.*, 232 Va. at 47, 348 S.E.2d at 227.

Plaintiff argues that MERS is a proper party but not a necessary party. In *Bush Construction v. Patel*, 243 Va. 84, 87-88, 412 S.E.2d 703 (1992), the Virginia Supreme Court ruled that necessary parties are determined by analyzing "the nature of the particular interest involved and the rights appurtenant to that interest in light of the relief sought." Plaintiff argues that MERS, the beneficiary of the deed of trust, operates solely as the nominee of the lender. Plaintiff states that, as the nominee, MERS is "merely the agent of the Lender, Chevy Chase, it holds no title in this case where title vested in the trustee, and finally, MERS receives and distributes no funds for the benefit of others." Plaintiff's Response to the Plea in Bar at 4.

This court agrees with the Fordes. The Virginia Supreme Court has held that "the beneficiary of the antecedent deed of trust [is] a necessary party to the suits to enforce the mechanics' liens." *Walt Robbins*, 232 Va. at 47, 348 S.E.2d at 227. In that MERS is identified as the beneficiary of the deed of trust secured by a lien on the property in question, it is a necessary party to this lawsuit. Because the time has expired during which MERS may be added as a party, the count of the complaint seeking to enforce the mechanic's lien cannot proceed.

For the reasons stated, the Fordes' plea in bar to Count I will be sustained.