Present:  Carrico, C.J., Compton, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, Senior Justice

YORK FEDERAL SAVINGS & LOAN ASSOCIATION

OPINION BY
v.  Record No. 980152       SENIOR JUSTICE HENRY H. WHITING
NOVEMBER 6, 1998
WILLIAM A. HAZEL, INC.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael A. McWeeny, Judge

In this mechanic's lien enforcement suit, we decide whether
the holder of a mechanic's lien that is "bonded off" pursuant to
Code § 43-70 must still establish the priority of the lien.

William A. Hazel, Inc. (Hazel) furnished labor and
materials in performing site development work for a townhouse
project on real estate in Fairfax County owned by Detty/Anderson
Hotel Limited Partnership (the owner).  The real estate was
encumbered by a recorded deed of trust securing payment of the
owner's obligation to York Federal Savings & Loan Association
(York Federal).

Subsequent to the owner's failure to pay Hazel, it recorded
a memorandum of mechanic's lien and filed this suit to enforce
its lien against the property.  Two of the defendants in the
suit, York Federal and Marilyn C. Cunningham, P.C., (the
substitute trustee under the deed of trust) petitioned the court
to release Hazel's lien against the real estate upon their
posting a bond under the provisions of Code § 43-70 (the

1

"bonding off" statute). Code § 43-70 provides in pertinent part:

> In any suit brought [to enforce a mechanic's lien], the owner of the building and premises to which the lien, or liens, sought to be enforced shall have attached, the general contractor for such building or other parties in interest may . . . apply to the court in which such suit shall be pending . . . for permission to . . . file a bond . . . conditioned for the payment of such judgment adjudicating the lien or liens to be valid and determining the amount for which the same would have been enforceable against the real estate as may be rendered by the court upon the hearing of the case on its merits . . . .

The parties stipulated: (1) that the owner owed Hazel $56,226.25 under its enforceable mechanic's lien; (2) that Hazel's Bill of Complaint "satisfied all of the requirements of the Virginia mechanic's lien statutes;" (3) that York Federal had filed a bond pursuant to the bonding off statute, obtained a release of the property from the mechanic's lien claim, and later had the substitute trustee sell the property under the deed of trust; and (4) that although York Federal "concedes the validity and amount of Hazel's memorandum of mechanic's lien, it contends that Hazel's recovery is precluded by the priority of York'[s]" lien.

Hazel moved for summary judgment. Hazel contended that there was no material issue of fact to be decided since York Federal had stipulated as to the "validity, amount and enforceability" of Hazel's mechanic's lien, thus removing the

2

issue of York Federal's alleged priority under the provisions of Code § 43-21.

As pertinent, Code § 43-21 provides:

> In the enforcement of [mechanic's] liens . . . any lien or encumbrance created on the land before the work was commenced or materials furnished shall be preferred in the distribution of the proceeds of sale only to the extent of the value of the land estimated, exclusive of the buildings or structures, at the time of sale, and the residue of the proceeds of sale shall be applied to the satisfaction of the liens provided for in the previous sections of this chapter. Provided that liens filed for performing labor or furnishing materials for the repair or improvement of any building or structure shall be subject to any encumbrance against such land and building or structure of record prior to the commencement of the improvements or repairs or the furnishing of materials or supplies therefor.

York Federal opposed entry of summary judgment on the ground that Hazel was still obligated to prove the value of the real estate without Hazel's improvements in order for the court to apportion the relative priorities of York Federal and Hazel to the bond. After considering the stipulations and the argument of counsel, the court sustained Hazel's motion for summary judgment. York Federal appeals.

York Federal contends that its stipulation did not resolve the issue of the relative priorities of the liens of the parties. Hazel responds that the issue has been resolved because of the stipulations and the fact that "the bond had replaced the real property as security and the trustee had sold

3

the real property."  Hazel concludes that "[t]o recover from the bond, [Hazel] must only show that his lien is enforceable, not that his lien would have been collectable against the real property had the property been sold."

In George W. Kane, Inc. v. NuScope, Inc.  243 Va. 503, 509, 416 S.E.2d 701, 704 (1992), we said that "with respect to a bond enforcement suit, the party-plaintiff has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the [mechanic's] lien released by that bond."  Hazel contends that the stipulation of the "validity, amount, and enforceability of the lien" establishes "the same elements of his claim" referred to in Kane.

However, York Federal did not stipulate that Hazel could have collected its claim from the real estate if the bond had not been posted but only that Hazel's lien was "enforceable under the memorandum of mechanic's lien."  (Emphasis added.) Indeed, the stipulation states that "[w]hile York Federal concedes the validity and amount of Hazel's memorandum of mechanic's lien, it contends that Hazel's recovery is precluded by the priority of York Federal's lien."

Additionally, payment of the bond posted is expressly conditioned on the provisions of Code § 43-70.  Further, the bonding off order uses substantially the same language found in the bonding off statute in conditioning payment of the bond upon

4

the court's adjudication of "the amount for which the liens or any one lien would have been enforceable against the real estate." Accordingly, we do not think that the stipulation removed any burden of proof as to this issue which Hazel may have had under Code §§ 43-21 and 43-70.

Hazel construes the bonding off statute as "simply ensur[ing] that amounts enforceable against the bond are allowable under the mechanic's lien statute." According to Hazel, "[t]he General Assembly could not have intended that the language requires proof of priority in this case because no competing interests exist once the mechanic's lien was released under [the bonding off statute]." However, under Hazel's construction, few prior lienors would be willing to bond off the real estate if, by doing so, the lienor would be relieved of the necessity of proving the priority of his lien.

Because the language of the bonding off statute is clear and unambiguous, it will be applied as written. Robbs v. Commonwealth, 252 Va. 433, 436, 478 S.E.2d 699, 700 (1996); Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). In our opinion, the bonding off statute merely releases the real estate from the mechanic's lien claim by requiring that payment of the bond be "conditioned for the payment of such judgment adjudicating the lien or liens to be valid and determining the amount for which the same would have been enforceable against

5

the real estate." This provision substitutes the bond for the real estate.

Hence, we conclude that the court erred in deciding that no issue remained as to the priority Hazel would have had in the bonded off real estate and consequently in entering summary judgment. Accordingly, the judgment will be reversed and the case remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.