PAX, INC., Plaintiff,

v.

**VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC.,** et al., Defendants.

**No. 1:04 CV 00101.**

United States District Court, W.D. Virginia. Abingdon Division.

Dec. 13, 2004.

Elisabeth M. Ayyildiz, Morin & Barkley, LLP, Charlottesville, Virginia, for Plaintiff.

Dawn Figueiras, Elliott Lawson & Minor, Bristol, Virginia, for Defendants.

**OPINION AND ORDER**

JONES, Chief Judge.

The questions before me are whether this court has subject matter jurisdiction of the action and, if so, whether transfer to

a federal district court in Illinois is warranted. The plaintiff has filed a Motion to Remand to state court, contending that, because a bond posted in state court is involved in this case, the *Princess Lida* doctrine requires abstention by this court. The defendants have filed a Motion to Change Venue on the ground that a forum selection clause in the parties' contract requires all contract-related litigation to take place in Illinois. For the reasons contained in this opinion, I will deny both motions.

## I

The plaintiff Pax, Inc. ("Supplier") provided structural steel for the construction of a salt production facility in Saltville, Virginia, pursuant to a contract with HPD Systems, the predecessor entity to defendant HPD, LCC ("Contractor").[1] When Contractor failed to pay all sums that Supplier claimed were due under the contract, Supplier filed memoranda of a mechanic's lien in the clerks' offices of Smyth and Washington Counties, Virginia. The amount of the mechanic's lien claimed was $182,000.

Thereafter, a decree was entered by the Circuit Court of Smyth County, Virginia, permitting Contractor to file a bond with corporate surety, in accordance with the "bonding-off" procedure of Virginia mechanic's lien law. *See* Va.Code Ann. § 43–71 (Michie 2002). The object of this procedure is to substitute the bond for the real estate. *See York Fed. Sav. & Loan Ass'n v. William A. Hazel, Inc.,* 256 Va. 598, 506 S.E.2d 315, 317 (1998). Defendant Westchester Fire Insurance Company ("Surety") agreed to be the surety on the bond, which was in twice the amount of the sum claimed by Supplier. Upon the filing of the bond, the mechanic's lien was released as to the real estate on which the salt production facility had been constructed.[2] In accordance with Va.Code Ann. § 43–71, the bond is "held under the control of the court and shall be subject to the final judgment of the court adjudicating the lien or liens to be valid and determining the amount for which the same would have been enforceable against the real estate in any suit or action thereafter brought."[3]

Supplier then brought suit in the Circuit Court of Smyth County against Contractor and Surety, in which it sought recovery against Contractor for breach of contract and quantum meruit and against Surety on the bond. Contractor and Surety timely removed the action to this court on the basis of diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1441(a) (West 1994). Contractor then filed a counterclaim against Supplier, claiming that the structural steel did not meet the proper specifications.

## II

Supplier has filed a timely Motion to Remand on the ground that the surety bond posted by Contractor is under the control of the state court and thus, pursuant to the so-called *Princess Lida* doctrine, abstention by this court is mandatory. Contractor and Surety oppose remand and in turn have filed a Motion to Change Venue, requesting that the action be transferred to a federal district court in Illinois.

---

1. The parties previously agreed to an order by this court substituting HPD, LLC for other named defendants that were the predecessors in ownership interest to HPD Systems.

2. The owner of the real estate was Saltville Gas Storage Company, LLC. It is not a party to these proceedings, nor is it required to be. *See George W. Kane, Inc. v. NuScope, Inc.,* 243 Va. 503, 416 S.E.2d 701, 704 (1992).

3. The state court decree also contained this language.

These competing motions have been briefed and argued and are ripe for decision.

### A

The Motion to Remand filed by Supplier as to the subject matter jurisdiction of this court relies on the doctrine explained in *Princess Lida of Thurn & Taxis v. Thompson,* 305 U.S. 456, 466–67, 59 S.Ct. 275, 83 L.Ed. 285 (1939). Under that doctrine, "a federal court may not exercise jurisdiction when granting the relief sought would require the court to control a particular property or res over which another court already has jurisdiction." *Al-Abood v. El–Shamari,* 217 F.3d 225, 231 (4th Cir.2000). It is applicable only in actions in rem or quasi in rem.[4] *Id.*

■ This is not such a case. While this is not an action to enforce a mechanic's lien because the lien ceased to exist upon the giving of the bond, the better view is that even a suit to enforce a mechanic's lien is not an action in rem. *See Brooks v. United States,* 833 F.2d 1136, 1143 (4th Cir.1987). Although state law (and the state court decree) recite that the bond is "under the control" of the state court, the bond itself is payable to Supplier and its action on the bond is simply an in personam contract claim.

Moreover, there are no conflicting proceedings involving the bond pending in state court. The bond is under the control of the state court only in the sense that it retained the power to determine the validity of the mechanic's lien and the amount owed—a jurisdiction that it shares with this court because of the citizenship of the parties and the amount in controversy.

Accordingly, I find that the *Princess Lida* doctrine does not require remand of this action.

### B

■ The remaining question is the Motion to Change Venue filed by Contractor and Surety. The movants rely on 28 U.S.C.A. § 1404(a)(West 1993), which provides that the court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." The movants have the burden of showing that the court should exercise its discretion to transfer the case under § 1404(a). *See Glamorgan Coal Corp. v. Ratners Group PLC,* 854 F.Supp. 436, 437–38 (W.D.Va.1993).

■ While not necessarily determinative, a binding forum selection clause is an important factor in deciding whether to order transfer. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The movants rely on a forum selection clause printed in small type on the reverse of its purchase order form, providing that "[i]t is hereby agreed that all actions or proceedings arising directly or indirectly herefrom shall be litigated only in the courts of the State identified in the address of the Purchaser or United States courts located therein." (Mem. Supp. of Resp'ts' Mot. to Transfer Venue, Ex. A.) Supplier's address was in Illinois, and thus the defendants request that the case be transferred there.

4. In an in rem action, the court must possess or control the property that is the subject of the suit in order to grant the relief requested. *See Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader,* 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935). In a quasi in rem action, the action is against a defendant personally, but the defendant's interest in the property serves as a basis for the court's jurisdiction. *See Shaffer v. Heitner,* 433 U.S. 186, 199 n. 17, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

■ The main problem with the movants' argument is that whether this forum selection clause is a binding term of the contract between Supplier and Contractor is disputed and the present record does not contain sufficient facts for the court to determine that question, particularly considering that the burden of proof is on the movants.[5]

The other relevant factors do not support transfer. It appears that Contractor is a Louisiana corporation with its principal place of business in that state; Supplier has its principal place of business in Illinois; and Surety is a New York corporation. Venue in Virginia will likely equally inconvenience each party in terms of its witnesses and other evidence.

### III

Accordingly, for the reasons stated, it is **ORDERED** that the Motion to Remand and the Motion for Change of Venue are DENIED.

---

5. Supplier contends that the form purchase order terms, including the forum selection clause, were not part of the contract of sale because of a "battle of the forms." Supplier asserts that the contract was made in Louisiana and that accordingly Uniform Commercial Code section 2–207 concerning acceptance of additional contract terms is inapplicable. Counsel for the movants agrees that the record is unclear as to where the contract was formed. While forum selection clauses are presumed valid and enforceable, *see M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), proof of the existence of the clause would be the burden of the movants here.