Present: Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and Powell, JJ., and Koontz, S.J.

SYNCHRONIZED CONSTRUCTION
SERVICES, INC.                                    OPINION BY
                                         JUSTICE LEROY F. MILLETTE, JR.
v.   Record No. 131569                          October 31, 2014

PRAV LODGING, LLC, ET AL.

FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

In this appeal we consider whether a general contractor, who has no pecuniary interest in the bond posted to release the real estate subject to a subcontractor's mechanic's lien, is a necessary party to a subcontractor's mechanic's lien enforcement action.

I.   Facts and Proceedings

In 2008, Prav Lodging, L.L.C. ("Prav") acquired a parcel of real estate in Orange County, Virginia to build a hotel facility. Secured by a credit line deed of trust, Virginia Community Bank ("VCB") financed the construction of the hotel facility. Prav entered into a contract with Paris Development Group, LLC ("Paris") to act as construction manager for the project. As construction manager, Paris had the authority to enter into subcontracts with subcontractors to facilitate the project. Paris entered into several such subcontracts, including a subcontract with Synchronized Construction Services, Inc. ("Synchronized").

The owner-construction manager contract between Prav and Paris was a cost-plus agreement, whereby Prav would pay Paris the cost of the work plus a $192,000 fixed fee. Prav's payments were scheduled to be made on a monthly basis upon Paris' submission of an invoice to Prav.

The construction manager-subcontractor subcontract between Paris and Synchronized was a fee agreement, whereby Paris would pay Synchronized a $398,000 fee subject to additions and deductions as the project progressed. Paris' payments were scheduled to be made on a monthly basis upon Synchronized's submission of a pay application to Paris.

By February 3, 2010, the construction project was "substantially complete," with the remaining work to be "obtainable in a matter of a few days." On March 11, 2010, Synchronized recorded a mechanic's lien for unpaid work on the construction project in the amount of $208,250.80 with the Orange County Clerk's Office. On September 9, 2010, Synchronized filed a complaint to enforce its mechanic's lien in the Circuit Court of Orange County, naming Prav, Paris, VCB, and numerous other subcontractors as defendants. In its complaint, Synchronized asserted a claim to enforce its mechanic's lien as well as a claim that Paris breached its contract with Synchronized by failing to make all payments due to Synchronized under their subcontract.

Paris did not enter an appearance in the case. Indeed, it could not do so because it no longer existed. According to the public records of its state of incorporation, Paris was dissolved on March 12, 2010 – the day after Synchronized had recorded its mechanic's lien.

Prav and VCB filed an application to post a bond in the amount of $237,906.80 in accordance with Code § 43-70. The circuit court granted that application, thereby releasing the real estate which had been subject to Synchronized's mechanic's lien.

Prav filed a motion to dismiss the entire complaint on the basis that Synchronized failed to timely serve numerous defendants. In response, the circuit court held that Synchronized "failed to exercise due diligence" to serve Paris within one year of the date of the filing of the complaint, and therefore dismissed Synchronized's breach of contract claim against Paris. However, the court declined to dismiss Synchronized's mechanic's lien claim.

Later, VCB filed a motion to dismiss the mechanic's lien claim on the basis that Synchronized failed to timely serve Paris, who, as the construction manager, was a necessary party to the mechanic's lien enforcement action. In response, the circuit court held that Paris was in fact a necessary party, and that Synchronized's failure to timely serve Paris required

3

dismissing Synchronized's mechanic's lien claim with prejudice. The court entered an order to that effect and denied Synchronized's motion for reconsideration.

Synchronized timely filed a petition for appeal with this Court. We granted the following assignments of error:

1. The [c]ircuit [c]ourt erred in dismissing Synchronized's mechanic's lien enforcement action where Paris, the construction manager, did not have a recognized possessory or expectancy interest in the lien enforcement action which could be defeated or diminished as the result [of that] suit and therefore was not a necessary party to the action. While Paris may have had a contractual claim against the owner of the [p]roject arising out of its [c]ontract, the facts below reveal that Paris never satisfied the express conditions precedent[] found in its [c]ontract in order to preserve and maintain such claims. Hence, even if Paris had contractual claims, those claims would not be sufficient to mandate a finding that Paris was a necessary party to the lien enforcement action brought by Synchronized.

2. The [c]ircuit [c]ourt applied an incorrect standard in analyzing whether Paris was a necessary party to the lien enforcement action and thus erred in dismissing Synchronized['s] mechanic's lien enforcement action where the presence of . . . Paris[, the general contractor,] was not required under Virginia law.

3. The [c]ircuit [c]ourt erred in that Virginia Code § 43-22 does not explicitly require a [general contractor] to be included as a party to a mechanic's lien enforcement action or at all times be [a] viable party in a mechanic's lien enforcement action where the facts below showed that Synchronized had the ability to present proof at trial of the balance due under the Prav Lodging-Paris [c]ontract at all relevant times included at the time Synchronized's mechanic's lien was recorded.

4

## II. Discussion

### A. Standard of Review

Whether a party is a necessary party to a particular claim is a question of law that we review de novo. Glasser & Glasser, PLC v. Jack Bays, Inc., 285 Va. 358, 369, 741 S.E.2d 599, 604 (2013).

### B. Necessary Parties in Mechanic's Lien Enforcement Actions

This appeal requires us to address the meeting of two different areas of law: mechanic's lien enforcement actions, and necessary party jurisprudence. However, as this is not an issue of first impression, precedent controls our decision.

A mechanic's lien was "[un]known to the common law or to courts of equity," and therefore is purely "a creature of the statute" allowing for its creation. Shenandoah Valley R.R. Co. v. Miller, 80 Va. 821, 826 (1885); Sergeant v. Denby, 87 Va. 206, 208, 12 S.E. 402, 402 (1890). Being in derogation of the common law, "there must be a substantial compliance with the requirement of that portion of the statute which relates to the creation of the [mechanic's] lien; but . . . the provisions with respect to its enforcement should be liberally construed." American Standard Homes Corp. v. Reinecke, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993). That is to say, a party must strictly comply with the "specific time frame and in the manner set forth in the statutes" to perfect its mechanic's lien, "or

5

the lien will be lost." Britt Constr., Inc. v. Magazzine Clean, LLC, 271 Va. 58, 63, 623 S.E.2d 886, 888 (2006) (collecting cases). Once a mechanic's lien is created by operation of law and is perfected in accordance with the relevant statutory requirements, the party holding the mechanic's lien is able to bring suit to enforce that lien. Code § 43-22.

A mechanic's lien enforcement action "must name all necessary parties within the time set forth by Code § 43-17, and a failure to name a necessary party as defendant requires dismissal." Glasser, 285 Va. at 369, 741 S.E.2d at 605. The Code does not provide an answer as to which parties are necessary parties to a mechanic's lien enforcement action. See Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 46-47, 348 S.E.2d 223, 226 (1986) (rejecting the argument that Code § 43-22 establishes who is a necessary party in mechanic's lien enforcement actions). We have therefore relied upon our common law authority to supply the answer.

We have consistently defined "necessary party" broadly. See, e.g., Asch v. Friends of Mt. Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996). Generally, we have described necessary parties as follows:

6

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

Id. (internal quotation marks omitted). What constitutes the "subject matter" or res of a mechanic's lien enforcement action narrows the necessary party analysis to a specific set of interests in this type of litigation.

1.   Enforcement of a Mechanic's Lien Against Real Estate

A mechanic's lien enforcement action seeks to enforce the mechanic's lien "against the property bound thereby." Code § 43-22. As a mechanic's lien enforcement action implicates real property rights, we have turned to due process principles to determine who is a necessary party in such litigation. See Walt Robbins, 232 Va. at 46-47, 348 S.E.2d at 226.

Such due process principles qualify a necessary party as any party who has a real property interest in the real estate subject to the mechanic's lien. See, e.g., James T. Bush Constr. Co. v. Patel, 243 Va. 84, 87-88, 412 S.E.2d 703, 705 (1992) (beneficiary of a deed of trust, recorded after the real estate subject to the mechanic's lien was improved, is a necessary party); Mendenhall v. Douglas L. Cooper, Inc., 239 Va. 71, 75-76, 387 S.E.2d 468, 740-71 (1990) (owner of real

7

estate subject to the mechanic's lien is a necessary party); Walt Robbins, 232 Va. at 47, 348 S.E.2d at 226 (beneficiary of a deed of trust, recorded before the real estate subject to the mechanic's lien was improved, is a necessary party); id. at 48, 348 S.E.2d at 227 (trustee of a deed of trust, recorded before the real estate subject to the mechanic's lien was improved, is a necessary party). In sum, the "subject matter" or res of a mechanic's lien enforcement action is the real estate subject to the mechanic's lien, and a necessary party is one who has a real property interest in such real estate because it is that real property interest "which is likely either to be defeated or diminished by the plaintiff's claim." Asch, 251 Va. at 90, 465 S.E.2d at 818.

Importantly, the focus is on which parties actually have a relevant interest in the real property. Just because a party may be generally "interested" in the mechanic's lien enforcement action, such as having a pecuniary interest in the outcome of the litigation, does not mean that the party is necessary to the proceedings. See, e.g., Air Power, Inc. v. Thompson, 244 Va. 534, 537-38, 422 S.E.2d 768, 770 (1992) (land trust beneficiaries are not necessary parties to a mechanic's lien enforcement action against the trust's real estate because they only have a personal property interest in the profits from

8

the trust's real estate, and have "no interest, [either] legal or equitable, in the [real estate] itself").

2.    Release of the Real Estate by a Posted Bond

Certain "parties in interest" may, in accordance with the rules set forth by the General Assembly, post a bond after a mechanic's lien enforcement action has been filed. Code § 43-70. A properly posted bond releases the real estate from the mechanic's lien enforcement action. Id. We have previously recognized that this bonding-off process only "substitutes the bond for the real estate" that had been subject to the mechanic's lien. York Fed. Sav. & Loan Ass'n v. William A. Hazel, Inc., 256 Va. 598, 602, 506 S.E.2d 315, 317 (1998). Because the real estate is no longer subject to the mechanic's lien enforcement action once a bond is properly posted, the "subject matter" or res of the suit is no longer the real estate, but is instead the posted bond itself.

This has a logical impact on the necessary party analysis. If no bond has been posted the inquiry turns upon which parties have a real property interest in the real estate subject to the mechanic's lien, but when a bond is posted the inquiry focuses upon which parties have a pecuniary interest in the bond itself which is "likely either to be defeated or diminished" by the plaintiff's "claim against the bond." George W. Kane, Inc. v.

9

NuScope, Inc., 243 Va. 503, 509, 416 S.E.2d 701, 705 (1992) (internal quotation marks omitted).

To this end, we have previously considered which parties constitute "necessary parties-defendant to [a] bond enforcement suit." Id. at 509, 416 S.E.2d at 704. The principal on the bond and the surety on the bond are necessary parties. Id. However, the owner of real estate, the trustee under the deed of trust, and the beneficiary of the deed of trust are no longer necessary parties when their only relation to the litigation is their respective real property interests in the real estate that had been subject to the mechanic's lien, but that was no longer encumbered once the bond had been posted in accordance with Code § 43-70. Id. at 510, 416 S.E.2d at 705.

3. Concerns Not Addressed by the Necessary Party Doctrine

The circuit court incorporated into its necessary party analysis concerns that go beyond the scope of this precedent, and the parties dispute these concerns on appeal. We address these points to underscore that they are not part of the necessary party analysis.

First, the court expressed concerns about issues of proof. The amount that the owner is indebted to the general contractor, and the amount that the general contractor is indebted to the subcontractor, are factual issues that the parties may dispute when a subcontractor seeks to enforce its

10

mechanic's lien.  See Code § 43-7(A).  And such disputes remain present even "with respect to a bond enforcement suit, [because] the party-plaintiff has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the lien released by that bond."  George W. Kane, 243 Va. at 509, 416 S.E.2d at 704.

However, concerns regarding which parties might be vital to proving the plaintiff's case are not relevant to the necessary party analysis.  See id. at 509-10, 416 S.E.2d at 704-05.  This conclusion is compelled by the fact that we have previously held that the owner of the real estate subject to a mechanic's lien is no longer a necessary party once a bond is posted to release and replace that real estate as the res subject to the lien.  Id. at 510, 416 S.E.2d at 705.  If an owner is not a necessary party even though the mechanic's lien enforcement action may implicate issues relating to a contract entered into by that owner, see Code § 43-7(A), then a general contractor is not a necessary party simply because the mechanic's lien enforcement action may implicate issues relating to a contract entered into by that general contractor.

Simply put, the controlling considerations of the necessary party doctrine are not issues of proof and issues as to which party may be best situated to provide proof.  Instead, the necessary party doctrine is calculated to ensure that all

11

parties central to a dispute can have their interests resolved, so that absent parties' interests are not adversely affected and participating parties may be awarded complete relief. See Michael E. Siska Revocable Trust v. Milestone Dev., LLC, 282 Va. 169, 173-77, 715 S.E.2d 21, 23-25 (2011). As established, this requires defining a necessary party to a mechanic's lien enforcement action as a party who has a recognized interest in the "subject matter" or res of the litigation.

Second, the circuit court believed that the "subject matter" or res of a mechanic's lien enforcement action was more than simply the real estate or the posted bond. The court expanded those terms to include the contractual issues that may arise through the course of a plaintiff's prima facie case or by way of an affirmative defense.

This position incorrectly conflates a mechanic's lien enforcement claim with a breach of contract claim. A necessary party to a mechanic's lien enforcement action must have a specifically defined interest in the "subject matter" or res of that litigation, which we have repeatedly defined as being either the real estate or posted bond. See George W. Kane, 243 Va. at 509-10, 416 S.E.2d at 705; Air Power, 244 Va. at 537-38, 422 S.E.2d at 770; James T. Bush Constr. Co., 243 Va. at 87-88, 412 S.E.2d at 705; Mendenhall, 239 Va. at 75-76, 387 S.E.2d at 470-71; Walt Robbins, 232 Va. at 47-48, 348 S.E.2d at 226-27.

12

A party whose only relation to a mechanic's lien enforcement action is his status as a party to a contract, the terms of which may be contested during the course of litigation, is akin to a party who has only a general pecuniary interest in the outcome of a mechanic's lien enforcement action. We have previously recognized that such a general, tangential interest is insufficient to elevate a party to necessary party status. See Air Power, 244 Va. at 537-38, 422 S.E.2d at 770.

Moreover, as with many mechanic's lien situations, in this case any litigation in the mechanic's lien enforcement action will not foreclose the ability for Paris, as the general contractor, to bring or defend a claim in the future relating to its contracts with the owner, Prav, or the subcontractor, Synchronized. Neither collateral estoppel nor res judicata would encumber such future litigation because Paris would not have been a party to the mechanic's lien enforcement action, and no party in that mechanic's lien enforcement action identifies with Paris' interest to such a degree that it could be said to have represented Paris' legal rights. See Rule 1:6 (governing res judicata); Raley v. Haider, 286 Va. 164, 170, 747 S.E.2d 812, 815 (2013) (setting forth the requirements for res judicata to bar suit, including identity of the parties or their privies); Ellison v. Commonwealth, 273 Va. 254, 258, 639 S.E.2d 209, 212 (2007) (noting the mutuality of parties

13

requirement among the standards for application of collateral estoppel to bar litigation of an issue of fact).

C.    Whether Paris Is a Necessary Party

In this case, Prav and VCB posted a bond that released the real estate subject to Synchronized's mechanic's lien.  Code § 43-70.  As a bond has been posted, the necessary party inquiry is whether Paris has a pecuniary interest in that posted bond, being the "subject matter" or res of Synchronized's mechanic's lien enforcement action, which is "likely either to be defeated or diminished" by Synchronized's "claim against the bond."  George W. Kane, 243 Va. at 509, 416 S.E.2d at 705 (internal quotation marks omitted).  The answer is no.

Paris is neither the principal nor the surety on the bond. Moreover, Paris has no ability to be awarded a judgment to be paid out from the bond.  A posted bond is "subject to the final judgment of the court upon the hearing of the [mechanic's lien enforcement action] upon its merits," and is "for the payment of such judgment."  Code § 43-70.  That is, a posted bond can only be paid out to those claimants who have a valid mechanic's lien on the real estate released by the bond.

Paris does not have such a mechanic's lien.  It is true that Paris was the construction manager and, by providing such services for the construction of the hotel facility, acquired a

14

mechanic's lien on that real estate. Code § 43-3. But the continued existence of a mechanic's lien requires the party acquiring the lien to perfect it in accordance with the Code. Id.; see Britt Constr., 271 Va. at 63, 623 S.E.2d at 888 (collecting cases).

The requirements for perfection differ depending upon whether the party asserting the lien is a general contractor, a subcontractor, or a party who contracts with a subcontractor. See Code §§ 43-4; 43-7; 43-9. Being the party who "contract[ed] directly with the owner," Paris was a "general contractor" for purposes of the mechanic's lien statutory scheme. Code § 43-1. Code § 43-4, governing the perfection of a general contractor's mechanic's lien, required Paris to file a "memorandum of lien" and "a certification of mailing of a copy of the memorandum of lien [to] the owner of the property" in the Orange County clerk's office. The record reflects that Paris did not undertake these actions. As such, Paris failed to perfect its mechanic's lien on the real estate, and that mechanic's lien was lost. Britt Constr., 271 Va. at 63, 623 S.E.2d at 888. Because Paris lost its mechanic's lien, the posted bond is incapable of being subject to a monetary judgment in favor of Paris through the course of Synchronized's mechanic's lien enforcement action.

15

We therefore hold that the circuit court can render "complete relief" in Synchronized's mechanic's lien enforcement action, even in Paris' absence, because Paris' lack of a pecuniary interest in the posted bond means that there is no monetary claim upon which the circuit court could award judgment in favor of Paris, and no interest held by Paris which might need to be shielded from an adverse judgment. See Lamar Co. v. City of Richmond, 287 Va. 322, 324-25, 757 S.E.2d 15, 16 (2014) (proper decree could be entered without participation of the absent and putatively necessary party).

## III. Conclusion

Under the facts of this case, Paris, as the general contractor, is a proper party but not a necessary party to a subcontractor's mechanic's lien enforcement action. We will therefore reverse the circuit court's judgment to the contrary, vacate the order dismissing Synchronized's mechanic's lien enforcement claim with prejudice, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SENIOR JUSTICE KOONTZ, with whom JUSTICE MIMS and JUSTICE POWELL join, dissenting.

I respectfully dissent. This case presents the issue whether the general contractor in a project involving the construction of a hotel was a "necessary party" in a

16

subcontractor's action to enforce its mechanic's lien when that perfected lien had been discharged, pursuant to Code § 43-70, upon the filing of an appropriate bond by the owner of the real estate upon which the hotel was constructed.

Today the majority of this Court holds that because the general contractor failed to perfect its statutorily granted mechanic's lien under Code § 43-3 it had no "pecuniary interest" in the bond and, therefore, was not a necessary party to the subcontractor's action to enforce its perfected mechanic's lien. Neither the majority in its opinion, nor the subcontractor in its appellee's brief, cites to any prior decision by this Court in which we have held that a general contractor is not a necessary party to a subcontractor's action to enforce its mechanic's lien. In my view, the statutory scheme involving the enforcement of a mechanic's lien by a subcontractor and the significant role of the general contractor in all construction projects provide persuasive reasons that such is the case.

Initially, I am reminded of the old adage that bad facts can lead to bad law. In this case no evidentiary hearing was conducted in the trial court and, thus, the material facts are drawn necessarily from the parties' pleadings, memoranda, and supporting exhibits filed in that court. While the majority makes reference to the fact that the general contractor did not

17

enter an appearance in the case because it was apparently dissolved the day after the subcontractor recorded its mechanic's lien, there are no facts in the record reflecting the status of the general contractor at the time the subcontractor subsequently filed its action to enforce its mechanic's lien nor at the time the bond was posted by the owner of the real estate.

What is undisputed, however, is the fact that the general contractor was not given notice of the subcontractor's action because the subcontractor "failed to exercise due diligence" to serve the general contractor. That finding by the trial court was not challenged by the subcontractor even though it suggests that the general contractor could have been served. Under these circumstances, the proper analysis of the issue in this appeal necessarily must be premised upon the fact that the subcontractor simply failed to give the general contractor notice of the proceeding and thereby deprived the general contractor of the opportunity to appear and provide evidence in the case if it desired to do so. This is not a case in which the general contractor with notice declined to participate. Moreover, under these circumstances there is no factual basis upon which a determination can be made as to what pecuniary interest, if any, the general contractor had in the proceeding initiated by the subcontractor.

Nevertheless, the majority opinion seems to suggest that the posting of the bond made these "bad facts" irrelevant to its determination that the general contractor was not a necessary party in this case. In that context, it is not clear what the reasoning would be had, for example, the general contractor been given notice, appeared, and asserted that the owner was indebted to it and that it was not indebted to the subcontractor. For the reasons that follow, in my view, the statutory scheme for enforcing a mechanic's lien contemplates the central role of the general contractor in construction cases so that all claims may be resolved and future litigation avoided.

The analysis in this appeal is guided by settled law regarding the enforcement of a mechanic's lien. Mechanic's liens arise by statute and are in derogation of the common law. Britt Constr., Inc. v. Magazzine Clean, LLC, 271 Va. 58, 63, 623 S.E.2d 886, 888 (2006); Carolina Builders Corp. v. Cenit Equity Co., 257 Va. 405, 410, 512 S.E.2d 550, 552 (1999).

The statutory authority for a mechanic's lien for those whose labor or materials is incorporated in construction projects is found in Code §§ 43-1 to 43-23.2. As pertinent to this appeal, Code § 43-3(A) provides that a mechanic's lien is created automatically by "performing labor or furnishing materials of the value of $150 or more . . . for the

construction, removal, repair or improvement of any building or structure." Both the general contractor and subcontractor are granted a mechanic's lien in this manner. See Code § 43-4 (general contractors); Code § 43-7 (subcontractors).

A mechanic's lien cannot be enforced, however, unless it is first perfected in accord with Code § 43-7. Britt Constr., 271 Va. at 63, 623 S.E.2d at 888 (collecting cases). Pertinent to the present case, Code § 43-7(A) provides that "the amount for which a subcontractor may perfect a lien . . . shall not exceed the amount in which the owner is indebted to the general contractor." This statute further provides that it shall be an affirmative defense that the owner is not indebted to the general contractor, or that the amount owed to the general contractor is less than the amount of the subcontractor's asserted mechanic's lien. These provisions reflect the central role of the general contractor in all construction projects. Thus, we have long held that the burden of proof in a suit to enforce a mechanic's lien requires the subcontractor to prove both that he is entitled to payment for labor and materials furnished under his contract with the general contractor and that the owner was indebted to the general contractor under their contract at the time notice of the subcontractor's lien was given or became so indebted thereafter. John T. Wilson Co. v. McManus, 162 Va. 130, 135, 173 S.E. 361, 362 (1934).

20

Once a mechanic's lien has been perfected, Code § 43-22 provides, in pertinent part, that the lien "may be enforced in a court of equity" by a complaint filed in the county or city wherein the property upon which the building was constructed is located.  The statutory scheme for enforcing a perfected mechanic's lien is a unique equity proceeding.  Once the subcontractor's suit invokes the equity jurisdiction of the trial court, "it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority."  Such is the case even though the complainant may have failed to establish its right to a mechanic's lien. Johnston & Grommett Bros. v. Bunn, 108 Va. 490, 493, 62 S.E. 341, 342 (1908); see also Erlich v. Hendrick Constr. Co., 217 Va. 108, 115, 225 S.E.2d 665 (1976).

In a suit by a subcontractor to enforce a mechanic's lien the focus of the equity court's determination is upon the status of the general contractor's accounts with the owner and the subcontractor.  In this context, we have observed that there is a distinction between a "proper party" and a "necessary party" in that the failure to include the former is not a ground for dismissing the suit whereas the failure to include the latter renders the court powerless to proceed with the suit.  Mendenhall v. Douglas L. Cooper, Inc., 239 Va. 71,

21

74, 387 S.E.2d 468, 470 (1990).  There we explained that a necessary party's "interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.  In such cases the court refuses to entertain the suit, when those parties cannot be subjected to its jurisdiction."  Id.

In Raney v. Four Thirty Seven Land Co., we stated that

"[w]here an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand and all such parties who have such an interest are necessary parties to the suit."

233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (quoting Gaddess v. Norris, 102 Va. 625, 630, 46 S.E. 905, 907 (1904))

Code § 43-70 provides that when a suit has been filed under Code § 43-22 to enforce a mechanic's lien, "parties in interest" may petition the court "for permission to pay into court an amount of money sufficient to discharge such lien." If the court permits the posting of the bond, "the property affected thereby shall stand released from such lien" and enforcement of the lien "shall be subject to the final judgment of the court upon the hearing of the case on its merits."  The

22

posting of the bond does not constitute a confession of judgment or otherwise resolve the underlying controversy of whether the alleged debt secured by the lien is owed. See York Fed. Sav. & Loan Ass'n v. William A. Hazel, Inc., 256 Va. 598, 602, 506 S.E.2d 315, 317 (1998). Thus, we held in George W. Kane, Inc. v. NuScope, Inc., 243 Va. 503, 509, 416 S.E.2d 701, 704 (1992), that "with respect to a bond enforcement suit, the [subcontractor] has the burden of proving the same elements of his claim that he would have had to prove in a suit to enforce the lien released by that bond."

In the present case, the subcontractor filed a complaint in the Circuit Court of Orange County to enforce its perfected mechanic's lien on September 9, 2010. Subsequently, in August 2011 the owner filed an appropriate bond in accordance with Code § 43-70 and the subcontractor's lien was discharged. Although the complaint named the general contractor as a defendant, the subcontractor failed to give the general contractor notice of the proceeding and the general contractor did not enter an appearance.

It is readily apparent that when a bond is filed under Code § 43-70 the subject matter of the subcontractor's lien enforcement suit remains the determination of what indebtedness, if any, existed between the owner and the general contractor at the time the lien was perfected or thereafter,

23

and what indebtedness, if any, exists between the general contractor and the subcontractor. The bond is not the subject matter of the suit. Rather, the bond provides the monetary pool from which the equity court makes a "complete adjudication" of the financial issues between all the parties involved in the construction project that have been provided proper notice of the proceeding, while releasing the property of the owner in question from claims of parties involved in that construction project. Significantly, in this way the bond provides the mechanism by which the equity court is able to resolve any financial claims that may exist between all the parties to the construction project and thus protect them from future litigation involving the construction project.

In the present case, the general contractor was not provided the opportunity to assert any claims it may have had against the owner or to refute any assertions of the subcontractor against it in its capacity as the general contractor in the construction project. Moreover, the equity court was called upon to render a complete adjudication of the financial issues in the case "on its merits" without the benefit of the general contractor's evidence of what, if any, indebtedness existed between it and the owner and what, if any, indebtedness existed between it and the subcontractor. In that circumstance, in my view the general contractor was a necessary

party to the subcontractor's suit to enforce its mechanic's lien, and the trial court did not abuse its discretion in refusing to entertain that suit and dismissing it with prejudice.

The majority relies, in part, upon our decision in Kane to conclude that a general contractor is not a necessary party to a bond enforcement suit by a subcontractor. There, we held that the owner of the real estate subject to a mechanic's lien is no longer a necessary party once a bond is posted to release the real estate. 243 Va. at 510, 416 S.E.2d at 705. The majority reasons that if an owner is not a necessary party in those circumstances then it follows that the general contractor is also not a necessary party. In Kane, however, the general contractor, rather than the owner, posted the bond. Id. at 505, 416 S.E.2d at 702. The distinction is significant. When the owner posts the bond it does so to release a mechanic's lien claim so that the owner's property is no longer encumbered. When the general contractor posts the bond it becomes a party to the subcontractor's enforcement suit and thereby protects itself from future litigation with the subcontractor.

The majority also relies upon our decision in Air Power, Inc. v. Thompson, 244 Va. 534, 422 S.E.2d 768 (1992), to support its reasoning in this case. There, we held that land

25

trust beneficiaries are not necessary parties to a mechanic's lien enforcement action against the trust's real estate. This was so because the beneficiaries only had a personal property interest in the profits of the trust's real estate. Id. at 537-38, 422 S.E.2d at 770. Obviously, Air Power did not involve the status of a general contractor and the unique role the general contractor plays in a construction project and the resulting role it maintains in the resolution of a subcontractor's mechanic's lien enforcement suit.

For these reasons, I would hold that the general contractor, where available for service by a subcontractor in its mechanic's lien enforcement suit in which a bond has been posted by the owner in accordance with Code § 43-70, is a necessary party. Accordingly, I would further hold that the trial court did not abuse its discretion in refusing to entertain the subcontractor's action in this case and dismissing it with prejudice.